BANFORD *et al.* v. STEIN.

STEIN v. CHAMBLESS, BANFORD *et al.*

*Appeals from Muscatine District Court — Thursday, June* 18.

THESE cases grow out of and are connected with that between these same parties, reported in 18 Iowa, 474. After that case was affirmed and remanded, plaintiff sued upon the appeal bond, recovered, and defendants (in the second of the above cases) appeal. About the same time plaintiffs (in the first case) commenced their proceeding on the equity side of the court, claiming part of the lands covered and included in the former judgment as a *homestead* (the wife of Banford now being a party, and not before), and also for improvements made and taxes paid. On the hearing, the judgment was, in effect, in defendants' favor, and plaintiffs appeal.

*Cloud & Broomhall* and *Jacob Butler* for the appellants — *Richman & Carskadden* for the appellee.

WRIGHT, J. — Both cases were referred to W. F. Brannon, Esq. His report is very able and full, covering every point made by the case. The questions made are, in our opinion, of easy disposition, and, without undertaking to incumber the opinion with a statement of all the facts or a further reference to a most voluminous record, we notice briefly the objections made by counsel to the findings of the referee and the judgment of the court below.

Stein, in addition to his sheriff's title (see the case in 18 Iowa, *supra*), set up a mortgage given by Banford and wife, which was a lien on the homestead, with other land. The referee, while he found that the purchaser did not obtain title to the homestead by his purchase at the sheriff's sale, held that it was subject to this mortgage. Appellants now object that he should have ordered the other land to be first sold. A sufficient answer to this objection is found in the fact, that neither the referee nor District Court undertook to make any order in this respect. It was simply found that the mortgage (being for the purchase-money) was a lien, and no direction was given as to the order of the sale. Indeed, it was not ordered to be sold. It will be time enough to consider and determine which of the several tracts should be first sold, when the question properly arises.

The claim for improvements was made after the judgment in favor of Stein for the lands, and after he had obtained possession under a proper writ of restitution. There is no claim that the possession was obtained by fraud, nor that there was such fraudulent conduct on the

part of the holder of the legal title as would entitle defendant (Chambless) to recover in equity for his improvements. This case is fully covered by *Webster* v. *Stewart* (6 Iowa, 401); *Claussen* v. *Kuehl and Rayburn* (14 id. 136). There is no element in this case to take it out of the rule there recognized. The referee so held, and in this there was no error; and the same rule obtains as to taxes paid prior to the former litigation.

As to the action upon the appeal bond, and the amount of damages awarded by the referee, it is only necessary to state, that the testimony is not in the record. The basis adopted by the referee is certainly not unfair to the defendants. It does not appear that rent *was* allowed for the use of the homestead tract.

Affirmed.