WELLS (NEWSON v.).  See Case No. 10,187.
WELLS (NIXDORFF v.).  See Case No. 10,280.
WELLS (PRIETO v.).  See Case No. 11,420.

## Case No. 17,404.

### WELLS v. RILEY.

[2 Dill. 566.][1]

Circuit Court, D. Iowa.  1872.

OCCUPYING CLAIMANT — COLOR OF TITLE — GOOD FAITH.

1. The value of improvements made in good faith by an occupying claimant under color of title are allowed to him by the statute of Iowa in the manner and to the extent therein provided.

[Cited in Griswold v. Bragg, 6 Fed. 347.]

2. The Iowa statute in relation to occupying claimants construed, and applied to an occupant of lands falling within the Des Moines river grant.

[Cited in Litchfield v. Johnson, Case No. 8,387.]

This was originally an action of ejectment, and the plaintiff recovered in this court, and the judgment was affirmed by the supreme court as stated below. The present questions arise out of the application of the defendant, under the occupying claimant's statute of the state.  Revision of Iowa, c. 97.

This statute enacts that "where an occupant of land has color of title thereto, and in good faith has made any valuable improvements thereon, and is afterwards in the proper action found not to be the rightful owner thereof," he may be allowed in the manner therein provided the value of the improvements.

The facts are as follows: The husband of the defendant, Hannah Riley, settled upon the premises in question in 1855, and in 1857 he died, leaving the defendant and several minor children. The defendant applied to the land officers to be permitted to enter the land. Her application was refused until the decision of the case of Litchfield against the Dubuque & Pacific Railroad Company, in 1860. She then renewed her application and was permitted to enter the land. She proved up in

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

1862, and obtained a patent in 1863. Plaintiff claimed title to the land under a deed from the Des Moines Navigation Company, and the navigation company claimed title from the state of Iowa, and the state of Iowa under act of congress of 1846, and subsequent acts. The circuit court of the United States held that the title was in the plaintiff. Wells. [Case unreported.] The defendant appealed to the supreme court of the United States, and the decision of the court below was affirmed. [154 U. S. 578, 14 Sup. Ct. 1166.] Then the defendant, Hannah Riley, filed a petition as an occupying claimant, asking for an appraisement of her improvements, and by agreement of counsel for both parties, the court appointed three commissioners to examine the premises and report to the court the value of the improvements made by the defendant, and in regard to the value of timber cut off and taken away by her, and the value of the rents.

The commissioners in their report found: 1st. Value of improvements, including taxes paid by the defendant, $2,823.89. 2d. Value of rent and use of said land, $300. 3d. Value of timber cut and destroyed by defendant on said land, $170.50. This leaves balance in favor of Hannah Riley of $2,353.39.

Plaintiff's counsel filed a motion to set aside the finding of commissioners, stating exceptions, and relying upon the following extract from the opinion of the supreme court in deciding the main case. The supreme court say: "That the land of which the lot in question was a part had been withdrawn from sale and entry on account of a difference of opinion among the officers of the land department as to the extent of the original grant by congress of lands to aid in the improvement of the Des Moines river, from the year 1846 down to the resolution of congress of March 2d, 1861 [12 Stat. 251], and the act of July 12, 1862 [12 Stat. 543], which acts we held (in the Wolcott Case) confirmed the title in the Des Moines Company. As the husband of the plaintiff entered upon the lot in 1855 without right, and the possession was continued without right, the permission of the register to prove up the possession and the improvements, and to make the entry under the pre-emption laws, were acts in violation of law, and void, as was also the issuing of the patent. The reason for this withdrawal of the lands from public sale or private entry are stated at large in the opinion in the case of Wolcott v. Des Moines Co.. 5 Wall. [72 U. S.] 681, and need not be repeated. The point of reservation was very material in that case, and we have seen nothing in the present one, either in the facts or the argument, to distinguish it."

Mr. Withrow, for plaintiff.
Mr. Parsons, contra.

MILLER, Circuit Justice, orally overruling the exceptions, in substance, said:

Some of the exceptions taken by plaintiff relate to the question of color of title in the party in possession, and to her good faith in making these improvements. I am very clear that the defendant comes within the rule of the statute in both respects, and within any principle of equity that can be established on this subject. She had a patent from the United States, and had it for eight or ten years before this action was brought. She had been a settler upon the land and made a showing to the satisfaction of the land office, and received a certificate that she was entitled to pre-emption—the pre-emption commencing thirteen or fourteen years ago. That she has color of title, therefore, there cannot be a doubt.

It seems to be supposed that the question of good faith is precluded by the conclusion that she must have known that the title would be controverted. It cannot be contended, I think, that she did not make the improvements in good faith, believing that she had title. It may be questioned whether such notice as this suit, is, under the circumstances, sufficient evidence to convince a reasonable person that his title may be defective.

Throughout all this contest, up to the time that the case of Wells against Riley was decided in the United States supreme court, I think the fair, reasonable view of it was that she was the owner of this property. Certainly up to the time of that decision, or to 1861, plaintiff had no title to the property. He claims under the land grant of the Des Moines Navigation Company, and the supreme court of the United States has decided that the act of 1846 conveyed no lands to the state above Raccoon forks. The plaintiffs here in this action, according to the words of the decision, "must evidently rest their claim to title on the joint resolution of 1861."

They cannot claim title previous to the time the company took its title in 1861 or 1862. Some of the parties claim that rents should be allowed from 1857, and prior. I do not know how many cases of this character there may be, but if there is to be a contest about improvements before the court, some questions will arise which cannot be settled in this case.

As it is, my own conviction is that the defendant is entitled to pay for the improvements she has made.

As to the valuation of the improvements in this case, I must say that I have no doubt but that they are fair and just. As to the value of the timber cut, and the taxes paid, there is no controversy. The value of rents presents a question difficult always to determine. The books are full of decisions of judges modifying and varying the rules by which the value of improvements and rents are to be estimated in cases of this kind, and to deduce a rule which would be applicable to all cases is impossible. My own judgment is that in this case it is probable that enough has been allowed for rent.

The commissioners were selected by the parties and appointed by the court, and I have no doubt they have undertaken to do what

was right in the matter. I do not think there is cause for the court to set aside the report. I shall, therefore, overrule all the exceptions.

Exceptions overruled.