## Case No. 8,387.

### LITCHFIELD v. JOHNSON et al.

[4 Dill. 551.] [1]

#### Circuit Court, D. Iowa. 1877.

OCCUPYING CLAIMANT — COMPENSATION FOR IMPROVEMENTS—"COLOR OF TITLE"—GOOD FAITH.

1. Settlers on what are known as the Des Moines river lands, in Iowa, may be entitled to the benefits given by the statute to occupying claimants when they have made valuable improvements on lands of which they are afterwards adjudged not to be the rightful owners.

[Cited in Vance v. Burlington & M. R. Co., 12 Neb. 300, 11 N. W. 339.]

2. The "occupying claimants" statute of Iowa, as to "color of title" and "good faith," construed.

On April 24th, 1874, [Edwin C.] Litchfield commenced an action of ejectment against the defendants [Olaf Johnson and Lewis Johnson] for the south half of the south-east quarter of section 9, township 86, range 26, and at the May term, 1874, recovered judgment. Thereupon the defendants, under the statutes of Iowa, filed their petition as occupying claimants (Revision, § 2264; Code, § 1976), claiming to be allowed for improvements made by them on the land, under color of title, and in good faith. Issue was taken on this petition, and the case thus made was referred, by consent, to John N. Rogers, Esq., as referee, who, after hearing the evidence, found the following conclusions of fact and of law:

Conclusions of Fact: The defendants entered upon and took possession of the land in question in the fall of the year 1866, having no claim or color of title thereto, but under the belief that said land was the property of the United States, and open to pre-emption, and with the intent to pre-empt the same, or to enter it under the homestead act, and they have ever since continued in such possession, holding adversely to all parties except the United States. Under the belief aforesaid, they made improvements on said land, of which the present value is three hundred and seventy-five dollars ($375). All of said improvements, excepting fifty dollars in value thereof, were made before the expiration of five years from the time when said defendants took possession of said land, and before they had acquired color of title thereto. Defendants have never acquired any color of title to said land otherwise than by virtue of their occupancy thereof for five years. The value of said land, aside from said improvements, is six hundred and eighty dollars ($680). The value of the rents and profits of said land, aside from the improvements, during the time of defendants' occupancy thereof, is the sum of twenty-five dollars ($25).

Conclusions of Law: (1) Defendants had color of title to said land from the expiration of five years from the time when they entered on the same, and up to the beginning of this action, by virtue of their five years' occupancy thereof. (2) The improvements were made by them in good faith. (3) The defendants are ·entitled to be allowed the value of their improvements as provided by the statute, including those made before they acquired color of title. This appears to me to be a very doubtful point or principle, and I am induced to hold thereon as above stated, chiefly because it is stated by counsel for defendants to have been so held by his honor, the circuit judge, in the case of Lancaster v. Crouse [Case No. 8,038], in this court, and because, on examination of the papers in that case, including the instructions to the jury given and refused, it appears probable that such a view was then taken by the court, although it does not appear with entire clearness. (4) If the court should agree with me in the point last mentioned, then defendants are entitled to a judgment, ascertaining the rights of the parties, in conformity to the provisions of sections 1979–1981 of the Code of Iowa, on the basis of the findings hereinbefore contained, as to the value of the land, of the improvements, and of the rents and profits; that is, the amount to be paid defendants for their improvements should be fixed at three hundred and fifty dollars, being the present value of the improvements, less the value of the rents and profits of the land, as improved during its occupancy by defendants. But if the court should be of opinion that defendants are not entitled to be allowed for improvements made before they acquired color of title, then the judgment should provide for payment to defendants of only twenty-five dollars on account of their improvements. (5) As nothing is provided by the statute in respect to

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

a judgment for costs in favor of either party on such proceedings, I am of the opinion that each party must pay his own costs. The plaintiff in the main action (Litchfield) excepted to this report, on the ground, first, that the evidence did not establish that the improvements were made in good faith; and for the reason, second, that the claimants cannot be allowed for improvements made during the first five years of their occupancy, but only for those made after the expiration of five years from the time they entered on the premises, and prior to the commencement of this action. On these exceptions the case is now before the court.

Wright, Gatch & Wright, for plaintiff.

Duncombe, O'Connell, & Springer, for occupying claimants.

Before DILLON, Circuit Judge, and LOVE, District Judge.

DILLON, Circuit Judge. The amount involved in this particular case is small, but the case itself is important, as the principles of law which apply to it are decisive of a large number of like causes pending in the court.

1. The referee has found, as a fact, that the defendants, in the fall of 1860, entered on the land, the same being then vacant, under the belief that it was the property of the United States, open to pre-emption, with the intent to pre-empt it or enter it under the homestead act, and have ever since continued in possession, holding adversely to all parties except the United States. This finding of fact is sustained by the proofs, and supports the legal conclusion that the improvements were made "in good faith," within the meaning of the occupying claimant statute of this state. The extent of the Des Moines river grant had, it is well known, been the subject of conflicting decisions on the part of the executive branch of the government, previous to the December term, 1866, of the supreme court, when the case of Wolcott v. Des Moines Co., 5 Wall [72 U. S.] 681, was decided (which was after the defendant took possession of the land, and in respect of which the defendant, a foreigner, almost unacquainted with our language, testifies he knew nothing), and it was not until the December term, 1869, that the case of Wells v. Riley [Case No. 17,404], was determined, in which it was first held that the permission of the local land officers to occupants to prove possession and improvements, and to make ·entry of these Des Moines river lands under the pre-emption laws, was unauthorized and void. There is nothing in the history of this grant, whether legislative, executive, or judicial, which makes it impossible, or even improbable, that settlers upon these lands, prior, at least, to the final decision of Wells v. Riley [supra], might not be such in good faith as respects the title held by the plaintiff. Wells v. Riley [supra].

2. But the principal question in the case is, whether, conceding the "good faith" of the claimants, they are entitled to be allowed for all valuable improvements made prior to the beginning of the ejectment suit, or only those made prior to that time, and after the expiration of five years from the time of entering on the land. The language of the statute giving the right of compensation to the claimant in this form, is, "where an occupant of land has color of title thereto, and in good faith has made any valuable improvement thereon, and is afterwards found not to be the rightful owner," he shall be entitled to pay, in the manner provided, for such improvements. It is insisted by the plaintiff, that to entitle the occupant to compensation for his improvements, "it must appear that they were made in good faith, and under color of title; in other words, color of title must concur, co-exist, with good faith at the time of making the improvements." Hence, as in this case color of title depends upon five years possession (Revision 1860, § 2269), no improvements made during the five years, though made in good faith, can be considered, while for all that were made after the lapse of the five years, compensation may be allowed. The language of the statute above quoted is not free from ambiguity. The words used might be made to bear the construction contended for by the plaintiff. I have carefully considered the reasons for that construction, which were so ably urged by the plaintiff's counsel at the bar, and enforced with additional illustrations and learning in his printed argument, without being convinced that it is the necessary or true meaning of the statute. An equally natural meaning of the words used, is that the "color of title" must exist before and at the time when the suit of the rightful owner is brought against the occupant, in which case the occupant may be compensated for any valuable improvements made thereon in good faith, the statute prescribing no limitation as to the time when they were made. These remedial statutes are entitled to a fair and even liberal construction (Longworth v. Wolfington, 6 Ohio, 10); and the view we adopt harmonizes with the evident policy of the legislature, as shown by the express provisions made by the legislature of Iowa to extend to the settlers "on any of the lands known as the Des Moines river lands" the rights given by the occupying claimant statute (Revision 1873, §§ 1984, 1987).

We do not place our judgment upon the legislation last mentioned, since the improvements in this case were largely made before that time, although this legislation preceded, by several years, the suit brought to recover possession. It is by no means clear that the equities of an occupant who in good faith has made improvements during a period when the real owner was negligent in asserting his rights, may not be provided for

by retrospective legislation, but it is not necessary to enter upon the consideration of that question, as, in my judgment, the claimant's case is embraced in the provisions of the general statute. Revision, § 2264; Code, § 1976; Society for Propagation of Gospel v. Pawlet, 4 Pet. [29 U. S.] 480; Albee v. May [Case No. 134]; Green v. Biddle, 8 Wheat. [21 U. S.] 381. The exceptions to the report of the referee are disallowed, and judgment will be entered in conformity therewith. Judgment accordingly.

Mr. Justice MILLER, to whom the record and arguments in this cause were submitted, expressed his concurrence in the foregoing opinion.