## WELLES *et al.* v. NEWSOM.

1. **Occupying Claimant** : ACTION FOR IMPROVEMENTS : MERE POS-SESSION AS COLOR OF TITLE. Where a party, under the occupying-claimant law, seeks to recover for improvements made by him or his assignors upon land which is adjudged to belong to another, and the only color of title under which the improvements were made was possession, such possession must have been continuous for five years up to the time at which the suit was brought for the recovery of the land ; and if there is no evidence of such continued possession, there is nothing to submit to the jury.

2. ———: IMPROVEMENTS NOT MADE IN GOOD FAITH. Improvements made by an occupying claimant after he has had notice of a suit in ejectment are not made in good faith, and he cannot recover therefor, and evidence thereof was properly excluded.

3. ———: ACTION FOR IMPROVEMENTS : COUNTER-CLAIM : USE OF LAND : RES ADJUDICATA. In such action the adjudged owner of the land is entitled to set off, as against the value of the improvements, the use and occupation of the land prior to the judgment of ejectment (*Parsons v. Moses*, 16 Iowa, 440), where the record of such judgment recites that in that action he withdrew all claims for the use and occupation of the land, though such claim was made in the petition.

Welles v. Newsom.

4. ———: VALUE OF IMPROVEMENTS: EVIDENCE. In an action by an occupying claimant for improvements, the question is what the improvements are worth, as improvements on the land, and not what they may have cost. Hence evidence of what it was worth to do breaking on the land fourteen years prior to the action should have been stricken out.

*Appeal from Webster District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, OCTOBER 27, 1888.

THE facts are stated in the opinion.

*Theo. Hawley,* for appellants.

*A. E. Clarke,* for appellee.

SEEVERS, C. J.—This action was brought to recover for improvements under the occupying-claimant law. In 1868, an action was commenced by the grantor of the plaintiffs against Goodchilds to recover possession of certain real estate. The notice was served on him May 29, 1868, and the petition was filed September 29, 1868. Goodchilds answered the petition in July, 1871. In September, 1874, an amended petition was filed, making Cornelius Murphy a defendant, because he was the grantee of Goodchilds. Murphy was served with notice that he had been made a defendant. On the twenty-fourth day of September, 1874, judgment was rendered in said action in favor of the plaintiffs' grantor, and it was adjudged that he was the absolute owner of the premises and entitled to the possession thereof. A few days thereafter Murphy filed a petition, in which he sought to recover for improvements on the land under the occupying-claimant law. In October, 1885, the defendant filed a petition under such law to recover for improvements, and alleged that he was entitled to all the rights of Goodchilds and Murphy, and that they had entered into possession of the premises in 1854 under color of right and claim of title, and that they and the defendant had been in the continuous possession of said premises ever since under such color of title and claim of

right, and had in good faith made valuable improvements thereon, and the relief asked was that the value of such improvements be ascertained, and also the value of the land. The plaintiffs admitted the recovery of the judgment for the possession of the land, and denied all the other allegations of the petition, and pleaded as a counter-claim that they were entitled to recover rent for the use and occupation of the land by the defendant and those under whom he claims. There was a trial by jury, and verdict finding the value of the land, improvements, and amount of rent due for the use and occupation. Judgment was rendered on the verdict and the plaintiffs appeal.

I. The first question we are required to determine is whether the defendant or those under whom he claims were in possession of the premises, as contemplated by the statute defining who are occupying claimants. No evidence was introduced tending to show that the defendant or those under whom he claims ever had a paper title of any kind or description. To recover for improvements, an occupying claimant must have been in possession of the land, under color of title, and made such improvements in good faith (Code, sec. 1976 ), and a person has color of title who has occupied a tract of land, either personally or under others, for a term of five years, and "such occupancy has continued up to the time at which suit is brought by which a recovery of the land is obtained." Code, sec. 1983. The original action was commenced against Goodchilds in 1868. It may be assumed that he was then in possession, but the evidence utterly fails to show that he had been in possession for five years preceding that time. There is no evidence tending to show that any one was in possession of the premises prior to 1867. It is true that the judgment in the original action, in which the plaintiffs' grantor was adjudged to be the owner of the premises, recites that Murphy was in possession thereof under Goodchilds, but this does not amount to a finding that the former had been in possession five years prior to the

*Margin note:* 1. Occupying claimant: action for improvements: mere possession as color of title.

commencement of the action. It is also true that Murphy, a few days after the rendition of such judgment, filed a petition under the occupying-claimant law; but it is not true that such petition was filed by leave of the court, as counsel contends, and it would have been immaterial if it had been. As there was no evidence tending to show that Goodchilds had been in possession of the premises for five years prior to the commencement of the action, the court erred in submitting to the jury the question as to the value of the improvements made by him.

II. The plaintiffs objected to the introduction of any evidence tending to show the value of any improve-

2. ——: improvements not made in good faith. ments placed on the lands since 1868, when the original petition was filed. This objection was overruled. It should have been sustained, for the reason that Goodchilds had been notified that an action would be commenced; and, as the petition was actually filed, improvements made after that time cannot be regarded as made in good faith under color of title based on possession only.

III. The court excluded evidence offered by the plaintiffs for the purpose of showing the value of the

3. ——: action for improvements: counter-claim: use of land: res adjudicata. use and occupation of the premises prior to September, 1874, when the judgment in the original action was entered. In so holding the court erred, and it is expressly so ruled in *Parsons v. Moses*, 16 Iowa, 440. But counsel for the appellee say that this question was adjudicated in the original action. This is a mistake. We infer that such a claim was made in the original action, but the judgment thereon recites that " the plaintiff in open court, before the trial and judgment, withdrew all claim against the defendants for use and occupation of said premises, and for all other damages claimed in the petition herein." It is clear, therefore, that such question was not determined in the action.

IV. There was evidence tending to show that breaking was done on the premises fourteen years prior

4. —— : value of improvements: evidence. to December, 1885°; and a witness was asked by defendant's counsel, "What is it worth to do that breaking?" The witness answered, "It was worth five dollars at that time; cannot say what it is worth now." There was other evidence of a similar character. Counsel for the plaintiffs moved the court to strike out the foregoing evidence, because it was incompetent, and not responsive. The court overruled the motion. It should have been sustained. It makes no difference what the breaking cost, but what is it, as an improvement on the land, worth°; and this is what the witness was asked to state. What we have said disposes, we think, of all the errors discussed by counsel.

REVERSED.