GEORGE R. EDWARDS *v.* GEORGE W. BUTLER.

[47 South. 801.]

TAXATION. *Void tax sale. Improvements. Compensation for.*

A purchaser of land at tax sale who, in good faith believing that he was the owner, placed valuable and permanent improvements upon it, is entitled to compensation therefor, although his title be void because the land was school land and not taxable when assessed and sold.

FROM the chancery court of Quitman county.

HON. PERCY BELL, Chancellor.

Edwards, appellant, was complainant in the court below; Butler, appellee, was defendant there. The case was once before in the supreme court and is reported. *Edwards v. Butler,* 89 Miss. 179, 42 South. 381. The court below on remand of the case adjudged appellee's tax title void because the lands when assessed and sold for taxes were school-lands and not taxable; it, however, allowed the appellee compensation for valuable and permanent improvements placed by him on the lands in good faith, believing himself to be the owner. The appellee, being dissatisfied with the allowance appealed therefrom to the supreme court.

*W. R. Harper,* for appellant.

It will be remembered by this court that Butler claimed the land under a tax title, and Edwards claimed it directly from the state, and this court held that the tax sale to Butler was absolutely void, because the land was held by the state in trust for the Chickasaw School fund, and that as such, it was not, and never had been, liable for taxes. Since the land was Chickasaw. School land, and was held by the state in trust, the title of the state to the same being not only of record, but notorious, and could have been known of all men, and since improvements were erected and made on the land while so held by the state, which holding was not only of record, but within the common knowledge of every man of ordinary intelligence, a purchaser of such land at a tax sale could not be, within the meaning of our statute, a *bona fide* purchaser. Butler could not have recovered for these improvements if his action had been brought against the state, and Edwards, having purchased from the state, is liable to exactly the same extent, and no further, than the state would have been for improvements.

*St. John Waddell,* for appellee.

The single contention is that because the lands in controversy were held by the state as Chickasaw School lands at the time the improvements were made by the appellee, he is not entitled to recover for same.

The general rule is, that where the defendant in ejectment or in equity claims, under color of title and in good faith, he shall be allowed for such improvements. It has also been held that a tax title constitutes color of title, and in fact this proposition seems to need very little citation of authority. It is, however, supported by the following authorities: 16 Am. & Eng. Ency. of Law, 93; *McCann v. Smith* (Ark.), 45 S. W. 1057; 22 Cyc. 23.

The remaining question seems to be as to whether or not this general rule applies where the lands were held by the state and were not subject to tax sale. This question it seems to me to

be quite important, as it invokes an exception to the general equity rule. It has always been a rule in equity, that as a condition to equitable relief, the person seeking recovery of lands would be required to pay the value which he receives in valuable improvements made on the land in good faith. Code 1906, § 1848, brought forward from Codes 1880 and 1892.

The appellee when he purchased from the state, purchased the lands as Chickasaw School lands at a fixed price of $6.00 per acre, and this price was based on the lands being wild lands and not improved, and hence he did not pay to the state the value of the improvements made by appellee. And it is but an application of the equity doctrine that he who seeks equity will be compelled to do equity, and this applies rather to the remedy than to the right. 3 Pomeroy's Eq. Jurisprudence (3rd ed.), § 1241. A denial of this equitable right to improvements would be a particular hardship in Mississippi where there is such large number of titles held under tax sales, and many of them of this particular character of lands.

The mistake of the innocent purchaser and for which he is made to suffer by loss of the lands, is always induced by the fault of the state in carrying as assessable lands and selling the same as such, lands which it holds in another right, and reclaims under such other right. It is therefore peculiarly inequitable for the state after selling these lands under one right, to re-claim them under another right, and then deny relief for improvements of which the owner gets the benefit, but which were made under a title derived from the state itself. This claim of a person having possession of, and making improvements on, lands belonging to the state under an invalid tax sale is certainly as strong as the claim of right of one having possession of, and making improvements on, public lands under an invalid patent.

Judge Miller in *Wells v. Riley,* Federal Cases, 17,404, held that one who makes entry on public lands, under an invalid patent, could recover for improvements as under the color of title.

The case here would seem to be a stronger case for improvements than that in favor of one who merely makes an invalid entry, which he believes is justified under the Homestead Act.

Judge DILLON (surely an eminent authority), in *Litchfield v. Johnson,* Federal Cases, 8,387, held that an invalid entry made in good faith, under the Homestead Act, on public lands, give such claim of title as will entitle the person making the entry to recover improvements under the provisions of a statute similar to Code 1906, § 1848.

WHITFIELD, C. J., delivered the opinion of the court.

The judgment of the court below is correct. It was proper, on the facts of this case, to allow the value of the improvements. This is clearly settled by the case of *Litchfield v. Johnson,* 15 Fed. Cas. 590 (No. 8,387), and *Wells v. Riley,* 29 Fed. Cas. 675 (No. 17,404), and by our own case of *Hicks v. Blakeman,* 74 Miss. 459, 21 South. 7, Ib. 400.          *Affirmed.*