R. W. BENTON, Appellee, v. THE DUMBARTON REALTY COMPANY, Appellant.

Occupying claimants: RECOVERY FOR IMPROVEMENTS: TITLE: STATUTES.
1  The statutes relating to occupying claimants, though remedial in

character, should be construed so as to effectuate the purpose intended; but to authorize recovery by a claimant for improvements made it must appear that they were made in good faith, believing that he was the owner of the land, and that he had color of title or possession for the necessary length of time before making the improvements. Evidence that plaintiff purchased and paid for the land upon which the improvements were made and received a deed therefor, the deed itself having been lost, was sufficient proof of title to support the action.

Same: TITLE: SUFFICIENCY. The fact that the land described in a deed relied upon by an occupying claimant as constituting color of title was washed away by the current of a river, and other land was collected by the current and deposited in the same place, would not render the deed ineffective for the purpose of establishing color of title.

Same: RECOVERY FOR IMPROVEMENTS. In determining the rights of an occupying claimant for improvements, only the land upon which the improvements were made and to which he claims title should be considered.

Same: COLOR OF TITLE. A deed which conveys no property at all, or one which is void, is sufficient to constitute color of title, where the grantee in good faith went into possession thereunder and claimed title by virtue thereof.

Same: EVIDENCE OF GOOD FAITH. An occupying claimant may show payment of taxes as an evidence of good faith in claiming the land.

Same: STATUTE: EVIDENCE. The facts in this case are held sufficient to show that plaintiff was an occupying claimant, within the terms of the statute providing that where a person settles upon real property and occupies it for a period of three years, under any law or contract with state officers, and makes valuable improvements thereon, but is subsequently adjudged not to be the owner, he shall be deemed an occupying claimant.

Same: COLOR OF TITLE: EVIDENCE. An occupying claimant may rely upon several instruments as constituting color of title, and the fact that he attempts to strengthen his original title by acquiring another will not deprive him of the right to claim under his original deed.

Instructions. An appellant cannot complain of an instruction which is favorable to him.

**Same:** TIME OF MAKING IMPROVEMENTS: RIGHTS OF CLAIMANT: STATUTE.
9    To enable an occupying claimant to recover for improvements, under
     the statute providing that any person has color of title who has
     occupied the premises for the period of five years, it is not necessary
     that the improvement should have been made after expiration of
     the five years' occupancy; but if made in good faith before the five
     years' occupancy has expired, and his title is not challenged for
     more than five years after making the improvements, he is entitled
     to the benefits of the statute.

*Appeal from Woodbury District Court.*—HON. FRANK R.
GAYNOR, Judge.

THURSDAY, OCTOBER 23, 1913.

ACTION by plaintiff as an occupying claimant to recover
the value of improvements placed upon a tract of land, which
was finally awarded to defendant. On issues joined the case
was tried to a jury, resulting in a verdict for plaintiff, and
judgment was accordingly entered. Defendant appeals.—
*Affirmed.*

*Edwin J. Stason,* for appellant.

*McCormick & McCormick,* for appellee.

DEEMER, J.—In December, of the year 1905, defendant
filed a petition against plaintiff and others, in the district
court of Woodbury county, to quiet the title to certain lands
on the river front in Sioux City, Iowa, known as the "Dum-
barton tract." Plaintiff herein, one of the defendants in
that suit, filed an answer and cross-petition on February 1,
1906, in which he alleged that the land belonged to the state
of Iowa; that he had made application to purchase the same;
that plaintiff's petition be dismissed; and that he have a decree
quieting his title as against the plaintiff and his codefendants
in that action. The action was tried to the court resulting in
a decree quieting plaintiff's title to "all the land south of the

1894 bank and between the west line of Jones street extended to the river and the west line of Court street extended to the river, dated November 30, 1907. In this decree the court found that all the lots, streets, and alleys between the 1894 (1889) bank and the present bank, including the locality of the plaintiff's claim, have been gradually and imperceptibly cut away by the river, and that accretion land to the said 1894 bank had been formed by the river in place of the lots, streets, and alleys cut away; that the locality of the plaintiff's claim was accretion to lot 12, in block 24, of East Sioux City, and to Dace street.'' The date of the entry of this decree does not appear. The record also discloses another decree of the district court entered on December 12, 1911, in an action by the Dumbarton Realty Company against R. W. Benton et al., in which it was found that ''the plaintiff was the absolute owner and entitled to the possession of the tract of land (particularly described) lying between the west line of Jones street extended to the river and the west line of Court street extended to the river, and between the present bank of the river and the 1894 bank, including the locality of the property claimed by the said R. W. Benton, excepting the north and south streets and alleys extended directly south and Dace street extended directly west to Virginia street, and the plaintiff is awarded a writ of possession, which was stayed for a period of ten days.''

The present action, under the occupying claimant's act, was commenced December 21, 1911, in which plaintiff claims that while holding the land under color of title, and while in the undisturbed and hostile possession thereof since April, 1903, he made valuable improvements upon the tract of land in controversy, which was finally found to belong to defendant by the decree of court entered December 12, 1911, and he asked that ''the value of the improvements made by him be found to be $1,400; that the value of the real estate exclusive of the improvements be found to be $800; that if these values are not correct the proper ones are to be determined; that, in

the event the defendant does not pay the plaintiff the appraised value of his improvements nor the plaintiff pay the defendant the appraised value of the real estate without the improvements, the plaintiff be declared to be a tenant in common with this defendant as to the entire property, in the proportion their interests may appear.''

Defendant admitted the rendition of the decree in its favor on December 12, 1911, but denied that plaintiff was an occupying claimant or that he was entitled to anything placed upon the lands in the nature of improvements. It also pleaded a counterclaim for the use and occupation of the premises by plaintiff or for damages growing out of plaintiff's withholding the possession thereof from defendant, fixing the amount of its damages on account thereof in the sum of $600. To this plaintiff filed a reply in which he admitted his possession of the property since April, 1903, and claimed that his possession was in good faith and under claim of right. Such are the admitted facts and the issues tendered by the respective parties.

For a reversal of the judgment in plaintiff's favor, it is now contended for appellant that the trial court erred in its instructions to the jury and that the verdict of the jury was and is excessive. The main points now urged are that, in order to recover, plaintiff must show that he was occupying the land under color of title at the time the improvements were made; that his claim to the property must have been in good faith; and that neither of these things was shown. It is also insisted that plaintiff did not have and exercise the possession of the property necessary to entitle him to claim under the occupying claimant's act; and that the court erred in its instructions regarding the allowance to be made to the plaintiff for improvements upon the premises. Our Code provides that:

1. OCCUPYING
CLAIMANTS:
recovery for
improvements:
title : statutes.

Sec. 2964. Where an occupant of real estate has color of title thereto, and in good faith has made valuable improve-

ments thereon, and is afterwards in a proper action found not to be the owner, no execution shall issue to put the plaintiff in possession of the same, after the filing of a petition as hereinafter provided, until the provisions of this chapter have been complied with.

Sec. 2967. A purchaser in good faith at any judicial or tax sale, made by the proper person or officer, has color of title within the meaning of this chapter, whether such person or officer has sufficient authority to sell or not, unless such want of authority was known to such purchaser at the time of the sale; and his rights shall pass to his assignees or representatives. Any person has also color of title who has occupied a tract of real estate by himself, or by those under whom he claims, for the term of five years, or who has thus occupied it for less time, if he or those under whom he claims have, at any time during such occupancy, with the knowledge or consent, express or implied, of the real owner, made any valuable improvements thereon, or if he or those under whom he claims have, at any time during such occupancy, paid the ordinary county taxes thereon for any one year, and two years have elapsed without a repayment or offer of repayment of the same by the owner thereof, and such occupancy is continued up to the time at which the action is brought by which the recovery of the real estate is obtained; but nothing in this chapter shall be construed to give tenants color of title against their landlords.

These provisions, although remedial in character, should be so construed as to effectuate the objects intended; but it must appear that the claimant made the improvements in good faith, believing himself to be the owner, and that he either had color of title thereto or possession by himself or by those under whom he claims the necessary length of time before the making of the improvements before the bringing of the action to recover.

Plaintiff testified that he purchased lot 3, block 24, in East addition to Sioux City, Iowa, being a part of the land in controversy, from one Griffith in the spring of the year 1903; that he paid the full purchase price thereof, to wit, $55, and received a deed therefor some time in the year 1904;

that such deed was lost or destroyed at the time of a fire in Sioux City and could not be produced. Appellant says the testimony introduced with reference to this matter was secondary and inadmissible because the original deed was not sufficiently accounted for. The objection was properly overruled, because the loss or destruction of the deed was shown.

Counsel say that the deed was of no effect and insufficient on which to base color of title because it did not describe any property which was in existence and therefore constituted nothing more than a blank piece of paper. With this contention we cannot agree. The deed did describe property which, as we understand it, was at one time in existence but which had in fact been washed away by the Missouri river, and soil had again been deposited by the curious action of this erratic stream at the very place where the original lot was located. At any rate, land was at one time platted near the bank of the Missouri river, which described the lot in question, and it was possible at any time to lay this plat on the ground even if it were at that particular moment covered by water. Plaintiff immediately went into possession of the property which he claimed was covered by the deed and held the same down to the trial of this case. He also made improvements on the land which will be noted later.

2. SAME: title: sufficiency.

Some time in the year 1905 the state of Iowa made a survey of what was called an "island," in which plaintiff claimed his lot was located, and in the same year plaintiff made application to the state for a patent for what was then known as lot N, being a tract 58x190 feet; this lot being something like forty feet longer than the plat shows the one purchased from Griffith to be. In March, 1906, he (plaintiff) obtained a patent from the state to the said lot N, according to the state survey, paying therefor the sum of $250. This patent, as will be noticed, was not issued until after defendant commenced its suit to recover the property, although the decree was not passed until some time thereafter. Indeed, all

of the improvements were made before the entry of the first decree, according to appellant's own admissions. The property described in the Griffith deed was entered and assessed for taxation for the years 1903 to 1910, inclusive; and plaintiff paid the taxes thereon; and he (plaintiff) claims to have held under the Griffith purchase from the time he made his first payment in the year 1903 down to the time of the trial, fortified by the patent from the state and by the payment of taxes and adverse possession. The improvements consisted of a house, moved upon the property some time in the year 1903, a shop, built in the year 1904, the filling of the lot or a part of it during the same year, the building of a shed in the year 1905, and a kitchen and sidewalk in the year 1906, with final filling of the lot in the year 1905.

The decree in defendant's favor as to the title to the lots covered a much larger tract of land than plaintiff is now asking· to have charged with a lien for his improvements, although in the action in which the decree was rendered plaintiff herein laid claim to no more than lot N as surveyed and platted by the state. This, as has been observed, was something like forty feet longer east and west than the lot . described in the Griffith deed.

Appellant says that the court was in error in confining the improvements to the said lot N; that the entire tract, consisting of many lots extending a distance of three blocks along the river front and some 400 or 500 feet in depth, should be considered in the adjustment of the rights of the parties. We fail to see any prejudice to appellant resulting from plaintiff's claim to but part of the property; but, whether this be so or not, plaintiff has never made any claim to the entire property. He made his improvements with reference to the lots which he claimed to own and should not be bound, in this proceeding, to have a much larger tract, to which he did not claim title, considered in working out his rights as an occupying claim-

3. SAME: recovery for improvements.

ant. The statute manifestly confines the limits of the property to the boundaries claimed by the occupant.

II. Although plaintiff went into possession under the Griffith deed and said that he claimed thereunder down to the time the litigation began, defendant (appellant) says that

4. SAME: color of title. as he took a patent from the state, he no longer could rely upon the Griffith deed and that in such circumstances it did not amount to color of title. We have already disposed of one phase of the matter. The Griffith deed may not have conveyed any property whatsoever, and yet it was sufficient to constitute color of title, provided, of course, plaintiff in good faith went into possession thereunder and thereafter claimed title in virtue thereof. The trial court so instructed the jury and there was no error here.

That a void deed may amount to color of title is well settled by authority. *Tremaine v. Weatherby,* 58 Iowa, 615.

The trial court permitted plaintiff to show payment of taxes on the property simply as an evidence

5. SAME: evidence of good faith. of his good faith in claiming the land and in this there was no error prejudicial to defendant.

III. Section 2968, of the Code, reads as follows: ''When any person has settled upon any real estate, and occupied the same for three years under or by virtue of any law or

6. SAME: statute: evidence. contract with the proper officers of the state for the purchase thereof, or under any law of, or by virtue of any purchase from, the United States, shall have made valuable improvements thereon, and shall be found not to be the owner thereof, or not to have acquired a right to purchase the same from the state or the United States, such person shall be an occupying claimant within the meaning of this chapter.''

As already indicated, after the state made its survey of the property, plaintiff, an occupant of a part of the premises, made application to purchase lot N October 9, 1905. His application was granted and patent was issued to him March

21, 1906, before the trial of the original case. Plaintiff had been in possession since the year 1903. The final decree in the main case was not entered until 1911, although appellant's counsel say a prior decree was entered some time in the year 1907. This is not shown by the record; but, if it were, both parties claim in their pleadings that the decree was entered December 12, 1911.

As this is solemnly admitted by both parties, we shall have to accept it as a verity.

Under the statute just quoted, plaintiff was an occupying claimant and entitled to protection as such.

IV. Plaintiff may rely upon several instruments as constituting color of title, and the mere fact that he attempts to strengthen his original title by acquiring another does not

7. SAME: color of title: evidence.

deprive him of the right to claim under his original deed. If he shows color of title, no matter in what form it may appear, the requirements of the statute are satisfied. Whether or not plaintiff claimed under one or the other, or both the deed and the patent, was a question for the jury, and this was properly submitted in the charge as given by the court.

Among other things the court said to the jury: "The plaintiff cannot recover for any improvements made upon the premises in controversy which were not made in good faith

8. INSTRUCTIONS.

and in an honest belief that he was the owner of the property at the time they were made; he therefore cannot base any right to recover for these improvements, if any, based upon title, or color of title, by reason of the patent issued to him by the state, since the undisputed evidence shows that this patent conveyed him no title, and further shows that the improvements, if any, were made before this patent was issued, and not in reliance thereon as giving color of title." This instruction was favorable to appellant and of course no complaint is made thereof.

V. It is claimed, however, that the instruction is in conflict with No. 5. We shall not set the latter out in extenso,

for it is really too long to be embraced in an opinion. It is enough to say we see no conflict whatever in the instructions. In part of its fifth instruction, the trial court said:

He claims he has occupied the property in controversy openly, adversely, continuously under claim of right to the same, and to the title, in good faith, honestly believing himself to be the owner and entitled to the possession of same for a period of five years, and that he erected the improvements in question under an honest belief, at the time they were erected, that he was the owner of the land and entitled to the possession thereof. The mere occupancy of the land in controversy, or any land, for five years does not, under the law, give the occupant the right to improve the land and charge the improvement to the land, or to the rightful owner thereof, or to claim compensation for such improvement; it must appear further than this and must be shown by a preponderance of the evidence that he took possession under an honest belief that he was the owner of the land and entitled to the possession of the same, but this belief must be founded and must rest upon some reasonable ground shown to have existed at the time, which would lead a reasonably prudent man to entertain such belief (that is, there must be reasonable ground shown to have existed at the time upon which a reasonably prudent and intelligent man could base such a belief) ; a mere trespasser on the land with no right to the possession thereof, and no color of title thereto, cannot recover for improvements put upon the land, no matter how long he may remain in possession; where there is no title or color of title to the land and no honest belief, as hereinafter explained, that he has title or right to the land, no length of occupancy will give the party so occupying the land any right as against the true owner for improvements put upon the land while so occupied. It is only where a person in good faith enters upon land believing, and having a right to believe, that he is the owner of the land, and in good faith and in reliance upon such belief makes improvements thereon while occupying the land openly and under claim of right to the land that he becomes entitled to make claim for improvements put upon the land while so occupying, and this you should bear in mind when you come to determine whether or not the plaintiff is entitled to recover for those improvements, if any, under this claim that he occu-

pied the premises for five years continuously. Where one
enters upon the possession of land with no title and with no
color of title but with an expectation that at some time he
may acquire title, he cannot recover for improvements upon
the land placed while so occupied. So in this case, if the
plaintiff has failed to satisfy you that he had a deed from the
said T. C. Griffith to this property, substantially as claimed
by him, before the improvements sued for were placed upon
the property, he can base no color of title or right to improve-
ments thereon; that is, on said deed. If you find there was
no such deed from Griffith to the plaintiff, then you will
proceed to determine whether or not he has shown a right to
recover for those improvements upon the second ground of
his claim that he occupied the ground for five years, and upon
this point you are further instructed that the occupancy for
five years, which gives color of title and right to improve-
ments and the right to recover therefor, must be open, con-
tinuous, and in good faith and upon an honest belief,
entertained by the occupant at the time he took possession,
that he was the owner of the land, and entitled to the posses-
sion, and that this belief was well founded and rested upon
reasonable ground such as would lead an ordinary prudent
man to the conclusion and belief that he was the owner and
entitled to the possession; that he placed the improvements
upon the land honestly and in good faith while entertaining
such belief, and with right to entertain such belief; and that
thereafter he continued to occupy it openly, continuously,
and notoriously, and under such claim of right, and that he
has so occupied it for five years.

This is strenuously challenged, and it is said that, as the
improvements were made before the expiration of the five-
year period, plaintiff cannot be allowed therefor, although

9. SAME: time of
making im-
provements:
rights of
claimant:
statute.

he continued to occupy for more than the five-
year period before his right of possession was
challenged. In other words, it is asserted that
one who has no color of title may not put
improvements upon the land until the expiration of the five-
year period, although his possession is not challenged until
more than five years after the improvements are made. Cases

from other states are cited in support of the contention, and this presents the only troublesome question in the case. The question presented was involved but not decided in *Snell v. Mechen*, 80 Iowa, 53, but was expressly decided contrary to appellant's contention in *Litchfield v. Johnson*, 4 Dill. 551, Fed. Cas. No. 8,387 (opinion by Dillon, J.). *Welles v. Newsom*, 76 Iowa, 81, seems to support the position taken by the trial court.

We here quote from Judge Dillon's opinion in the *Litchfield* case, for it expresses our views regarding the proper construction of the statute:

The language of the statute above quoted is not free from ambiguity. The words used might be made to bear the construction contended for by the plaintiff. I have carefully considered the reasons for that construction, which were so ably argued by the plaintiff's counsel at the bar and enforced with additional illustrations and learning in his printed argument, without being convinced that it is the necessary or true meaning of the statute. An equally natural meaning of the words used is that the 'color of title' must exist before and at the time when the suit of the rightful owner is brought against the occupant, in which case the occupant may be compensated for any valuable improvements made thereon in good faith; the statute prescribing no limitation as to the time when they were made. These remedial statutes are entitled to a fair and even liberal construction *(Longworth v. Wolfington*, 6 Ohio, 10); and the view we adopt harmonizes with the evident policy of the Legislature, as shown by the express provisions made by the Legislature of Iowa to extend to the settlers, 'on any of the lands known as the Des Moines river lands,' the rights given by the occupying claimant statute.

The Ohio court reached substantially the same conclusion in *Lessee v. Powell*, 13 Ohio, 308. It seems to us that a claimant brings himself within the provisions of the statute if he shows that he made the improvements in the honest belief of ownership, and it further appears that at the time of the rendition of judgment against him he was in possession under

such a title as brings him within the meaning of the statute. The provision rests upon the broadest equities and was intended to reimburse those who have, in good faith, made improvements upon the land believing themselves to be the owners thereof at the time they were made and of which they are divested in a subsequent action by the true owner.

To hold that there is no protection for the claimant except he make his improvements after the five years has elapsed, although his title may not be challenged for more than five years thereafter, would practically destroy the efficiency of the law. Indeed, the very fact that one did not make any improvements until after the expiration of the five-year period would tend to show that he was not holding in good faith or in the honest belief that he owned the land. The mere fact that he does improve is evidence of his good faith; and, if his title is not challenged until more than five years after the improvements are completed, we think he is entitled to the benefits of the occupying claimant's act. This is a fair construction of section 2967 of the Code.

VI. There is a dispute in the testimony as to the value of the improvements; but this question was primarily for the jury, and there is no such lack of testimony as to justify our interference.

No prejudicial error appears, and the judgment must be and it is *Affirmed*.

WEAVER, C. J., and WITHROW and PRESTON, JJ., concurring. GAYNOR, J., taking no part.