267

Lederer Realty Company  
vs.  
Bradford Campbell et al. } Equity No. 4349

RESCRIPT

February 4, 1919

BARROWS, J. Heard on bill, answer, replication and oral testimony on issues of fact.

The bill seeks to establish a vendee's lien against real estate now owned by Bradford Campbell. It is based upon a claim for betterments placed upon said land. It seeks repayment of the purchase price, together with the value of the improvements, insurance, taxes and repairs, either from said Campbell or from Henry M. Boss, administrator d. b. n. of the estate of James Campbell.

The relief sought against Bradford Campbell cannot be granted so far as it relates to repayment of the purchase price. (See rescript after hearing on preliminary injunction.) So far as the relief against Bradford Campbell relates

to betterments, it is without merit for the same reason that betterments are not chargeable to Boss. This reason will be considered.

The facts are undisputed. They are that on

December 18, 1908, Edward P. Metcalf, administrator d. b. n. on the estate of James Campbell, was given authority by the Municipal Court of Providence to sell at private sale the real estate described in the bill of complaint for not less than $16,500. An appeal was taken on December 24, 1908, but not perfected;

Febraury 10, 1911, a decree was entered in the Municipal Court affirming the former decree, said action being taken under authority claimed to exist in General Laws 1909, Chap. 311, Sec. 5;

February 11, 1911, Elisha J. Campbell wrote complainant that he would contest the validity of said last mentioned decree;

**268**

MARCH 7, 1911, Metcalf filed the required bond and sold said real estate for $16,500 to complainant. Metcalf was then in possession, collecting the rents under a decree authorizing such procedure to pay the debts of James Campbell. In view of the legal question whether the decree of the Municipal Court could be affirmed more that one year after its entry, and acting upon the advices of Joseph E. Spink, Charles C. Harrington, Gonzalo E. Buxton and John S. Murdock, attorneys at law, that such action by the Court was permissible, complainant, upon payment of the purchase price, entered into an agreement with Metcalf, through his attorney, that said purchase price should be held intact until the final determination as to title, and that in case such determination was adverse to complainant, the purchase price should be returned. Metcalf on the same day delivered a deed and possession to complainant.

MARCH 22, 1911, Elisha J. Campbell filed an appeal from said decree. The decree was affirmed in the Superior Court in June 1911 and an appeal taken

to the Supreme Court in July 1911.

IN OCTOBER 1911, complainant expended $832 on said real estate in changing a stairway, altering the street floor and adding a new toilet. Subsequently complainant expended a considerable sum building partitions, cement tubs, and arranging the second floor for use as a Turkish bath by one Felton, a tenant. The Felton alterations were entirely removed without complainant's knowledge prior to respondent Bradford Campbell coming into possession of the property. They never enured in any way to respondent's benefit.

The appeal last mentioned was sustained. The Supreme Court set aside as void the decree of February 10, 1911, by a decision filed March 6, 1912. (Campbell vs. Metcalf, 33 R. I. 453.)

MARCH 30, 1912, this decision became effective by decree entered in the Superior Court, which was recorded in the Municipal Court April 9, 1912.

APRIL 9, 1912, a new petition for leave to sell said real estate was filed in the Municipal Court and yearly thereafter a similar petition has been filed, and one is now pending therein.

In April and August 1912, and January and April 1913, complainant erected a new brick building on the premises at a cost of $1559.63. Other repairs, of which no account can be rendered, were made by complainant and consideration of them will not be further taken up.

**269**

June 28, 1917, Metcalf was removed as administrator d.b.n. and respondent Boss became administrator d.b.n. By conveyance from the heirs of James Campbell, to wit: Anna Lovegrove on June 27, 1917, and Elisha J. Campbell on November 1st, 1917, respondent Bradford Campbell became the owner of the fee in said real estate, and on or about January 1st, 1918, took forcible possession thereof.

February 9, 1918, complainant demanded the return of the purchase price of $16,500 from administrator Boss.

March 15, 1918, the present bill was filed.

Respondent Boss admitted the possession of the sum of $19,421 as administrator d.b.n. of the estate of James Campbell, and that admitted claims against the estate amount to $10,000, in addition to which there is a disputed claim of Elisha J. Campbell for $15,500. Boss interposes objections to the repayment of said purchase price, based upon the Statute of Limitation, Laches and the Statutes of Frauds.

That prior to the filing of an appeal one may deal legally with the administrator is recognized in Sumner vs. Prov. Institution for Savings, 38, R. I. 467.

We see no merit in the contention that mere written notice of an intention to appeal, such as Respondent's Exhibit 1, operates in any way to stay or suspend the force of a decree.

23 Cyc. 20.

We cannot sustain the contention that the filing of an appeal gave complainant the immediate right to a return of his purchase price. Such an appeal, in the language of our statute, "suspended" further action on the decree. (Gen. Laws 1909, Sec. 11, Chap. 311).

Prior to the taking of such an appeal the deed had passed and the money was in the administrator's hands to be held intact as per agreement.

Suspension does not mean cancellation. It means to cease temporarily from operation; to interrupt; to cause to cease for a time.

Webster's New International Dictionary.

Virginia Fire & Marine Ins. Co. vs. Aiken, 82 Va. 424 at 426.

We therefore find that until March 30, 1912, when the decree was filed reversing the action of the Municipal Court, complainant had no right to demand the return of the purchase price.

Gen. Laws 1909, Chap. 311, Sec. 8

Webb vs. Hicks, 34 Southeastern 395.

270

The bill in this case having been

brought within six years of March 30, 1912, the Statute of Limitations is not a defence.

Sayles vs. Tibbits, 5 R. I. 79 @ 83.

Nor can we see from the evidence that complainant's delay has caused respondent administrator to alter his position. He has continued to petition for leave to sell the real estate to pay debts and such a petition is now pending. We fail to find complainant barred by laches from the recovery of its $16,500.

The section of the Statute of Frauds upon which respondent relies has no application. This was not a contract for the sale of land. It was a contract that if a sale, the terms of which had been already completed, should be upset, the purchase price should be returned. Even if the contract was without consideration, equity would have made the administrator a constructive trustee of the fund upon failure of title under such circumstances. Far from being earmarked with fraud, as respondent Campbell suggests, the agreement bears all the indicia of honest dealing.

There remain for consideration the questions whether any, and, if so, which of the betterments are chargeable against respondent, and the further question whether complainant is entitled to interest on the $16,500 and, if so, from what date and at what rate.

All of complainant's expenditures were made after the appeal had been taken from the decree under which complainant assumed to hold title.

FELTON REPAIRS. The Felton alterations, we understand, were made after the final decree of the Supreme Court, but in any event they never enured to the benefit of either respondent. We see no possible ground upon which they should be charged against respondents.

BRICK BUILDING. The brick building expense of $1559.63 was also incurred after the final decree of the Supreme Court, when complainant knew that it had no title. Under such circumstances

we cannot conceive why respondents should be charged with the cost of improvements which were placed upon the property without their consent, request or knowledge.

22 Cyc. 20

271

ALTERATIONS OF FIRST FLOOR. The Item of $872 spent in October was incurred after the appeal had been heard in the Superior Court and while it was pending before the Supreme Court. This expense was incurred during the suspension of the effect of the decree. Complainant was chargeable with full knowledge that its title was then in question in the most effective manner possible for the Campbells to pursue. It proceeded to make these alterations, which were calculated to secure a better class of tenants but not essential to preservation of the property. The changes were matters of personal preference or business judgment in the belief that better rentals could be obtained. This judgment was evidently sound. The changes were made upon the sole responsibility of complainant. To charge respondents for making changes about which respondents were not consulted and while the title was in litigation seems to this Court inequitable. Any doctrine of unjust enrichment conflicts with the basic right of an owner to determine the extent to which he wishes to make alterations and improvements. To thrust improvements upon him and then compel payment does not appeal to us as equitable.

22 Cyc. 20, citing cases among which we have examined

Campbell vs. Brown. 4 Fed. Cases, No. 2355, Texas Circuit Ct.

Gordon vs. Tweedy, 74 Ala. 232,

Harris vs. Marblehead, 10 Gray 40,

Richwine vs. Nobelsville &c. Church, 135 Ind. 80.

Welles vs. Newson, 76 Ia. 81.

We have examined:

Cosgrove vs. Merz, 37 Atl. 704. (1897), and Lowe vs. Molter, unreported in

Supreme Court; Superior Court Eq. No. 1442,

and failed to find anything to alter the views just expressed.

INTEREST. There can be little dispute that complainant is entitled to interest since the date of demand, to wit, February 9, 1918. The evidence is that Boss had the money on hand. We find it admitted in respondent's brief that 4% has been earned thereon for several years past, and, therefore, to the principal of $16,500 should certainly be added interest at 4% since February 9, 1918. We believe, however, that the interest should be added at the rate of 6%, the legal rate. Retention by Boss of the purchase price after demand for

272

its return was without legal right, and we see no reason why the usual rule as to interest should not apply. Prior to the latter date, in our opinion complainant is precluded from claiming interest by its own actions. This in spite of the Rhode Island cases supra. Between March 1911 and March 1912, we have no evidence as to rentals received by complainant, although complainant's Exhibit A shows total rentals of $1551.61 during 1911 and $2292 during 1912. Interest on $16,500 at 6% wold be $990. The yearly rentals had been about $1380 and it does not seem an unwarrantable speculation to conclude that the parties broke about even during the pendency of the appeal. It is probable that complainant was better than even in vew of the above facts.

After March 30, 1918, all parties knew that the administrator had no right to retain the purchase price and complainant had no shadow of legal right to continue in possession of the real estate, collecting rents and caring for the property. If interest was due complainant, rentals were due administrators Metcalf & Boss. These rentals reached as high as $2450 per year at one time. The rights of all parties were fully known. Both complainant and the administrator were satisfied to permit affairs to pro-

ceed as before. Complainant was satisfied to take and keep the rents; administrator to keep the purchase price on interest. We feel that this conduct was such as to preclude complainant from charging interest and seeking to credit net rental during this period. The complexity of complainant's present accounts for supervision of repairs, for collecting of rents, for expenses in connection with the management of the property, for interest on administration expenses, for interest on investment, and for improvements, shows the difficulty, if not impossibility, of reaching a just solution by attempting to allow interest to complainant and set off net rental.

Complainant, we believe, is now estopped from seeking to compel respondent to pay interest upon the purchase price prior to the date of demand for its return, February 9, 1918. We believe the only practicable and fair way is to leave the parties as they stood on February 9, 1918, and to award complainant $16,500 plus interest at 6% since that date. Upon payment of the same respondent Boss may be released from the injunction now resting upon him to make no other payments as administrator.

Finding no equity in favor of complainant against respondent Bradford Campbell, the bill against him should be dismissed.

For complainants: Murdock & Tillinghast, J. Jerome Hahn, Alfred G. Chaffee, McGovern & Slattery.

For respondents: William J. Brown, Henry M. Boss Jr.