## WEBSTER *v.* STEWART.

6   401
116   56
116   58

Where a party seeks to recover for the value of improvements made by him upon the land of another, he must bring himself within the statute, and pursue the statutory remedy.

Where the rightful owner of real estate, obtains possession of his property without resorting to an action at law, he is not liable in an action at law for the value of improvements made by another.

A party not in possession of real estate, cannot sustain an action, under chapter 80 of the Code, in relation to occupying claimants, against the holder of the legal title, to recover the value of improvements made by him upon such real estate.

Where a petition alleged that the plaintiff, on the 6th of May, 1853, and prior thereto, was in possession of a certain tract of land, being part of the Half-Breed Tract, in Lee county, upon which, as occupying claimant, under color of title and in good faith, he had made valuable improvements, specifying them; "that under and by virtue of the occupying claimant law of the State of Iowa, he was entitled to the con-

tinued possession and enjoyment of said premises, as against the owner in fee, until he was paid the value of said improvements;" that the defendant, not regarding the rights of plaintiff, on or about the said 6th of May, purchased the fee simple title to said land, "and unlawfully, wrongfully, and without the knowledge or consent of plaintiff entered upon said land, and took possession of the same and the improvements, and still retains the possession; and has hitherto refused, and still doth refuse to pay the plaintiff what the said improvements are reasonably worth; that the improvements are of the value of one thousand dollars; and that the value of the land without the improvements, is twelve hundred dollars; and where the petition then prayed for judgment for the value of said improvements, or if the defendant shall fail to pay the same, that the plaintiff be permitted to pay the value of the land; and where the petition was demurred to, and the demurrer sustained by the court; *Held,* That the demurrer was properly sustained.

*Appeal from the Lee District Court.*

WEDNESDAY, OCTOBER 13.

The petition in this case avers, that on the 6th of May, 1853, and prior thereto, plaintiff was in possession of a certain tract of land, being part of the Half-breed Tract in Lee county, upon which, as occupying claimant, under color of title and in good faith, he had made valuable improvements, (specifying them); "that under and by virtue of the occupying claimant law of the State of Iowa, he was entitled to the continued possession and enjoyment of said premises, as against the owner in fee, until he was paid the value of said improvements; that said defendant, not regarding the rights of said plaintiff, on or about the said 6th of May, purchased the fee simple title to said land, "and unlawfully, wrongfully, and without the knowledge or consent of plaintiff, entered upon said land, and took possession of the same and the improvements, and still retains the possession, and has hitherto refused, and still doth refuse, to pay plaintiff what the said improvements are reasonably worth." It is also averred, that the said improvements are worth one thousand dollars, and that the land, without the improvements, is worth

twelve hundred dollars.   Judgment is asked for the value of said improvements; or if the defendant shall fail to pay the same, the plaintiff proposes and asks, that he shall be permitted to pay the value of the land.  .To this petition there was a demurrer, which was sustained, and plaintiff appeals.

*D. F. Miller*, and *Joseph M. Beck*, for the appellant.

*S. F. Miller*, for the appellee.

WRIGHT, C. J.—The plaintiff seeks to recover for the value of improvements made by him upon the land of another—such improvements being made in good faith, and under color of title.   At common law, he could not, in a separate action, recover, whatever the good faith with which his improvements were made, nor whatever his color of title, against one who held the superior or paramount title.   On the equity side of the court, in some special cases, there might be. a recovery, but not at law. *Greene* v. *Biddle*, 8 Wheat., 1; *Frear* v. *Hardenbergh*, 5 Johns., 272.

If, therefore, the plaintiff is entitled to recover, it must be by virtue of some statutory provisions.   To do so, we think he must bring himself within the statute, and pursue the statutory remedy.   The statute bearing upon this question, will be found in chapter 80 of the Code.   This statute provides for a state of case where the occupant has color of title, and in good faith has made valuable improvements, and is afterwards, in the proper action, found not to be the rightful owner of the land so improved.   In such a case, no execution can issue to put the rightful owner in possession, after the filing of the petition provided for, until the provisions of said chapter are complied with.   The petition of defendant, therein referred to, must set forth the grounds on which the relief is sought, stating the value of the improvements, as well as the value of the land, aside from the improvements.   The value of the

improvements being ascertained, the rightful owner may, by paying the same, take the property. If he does not do so, however, within a reasonable time to be fixed by the court, the occupying claimant may take the same, by paying the appraised value of the land. If neither party shall thus pay, they are to be held as tenants in common, each holding an interest in proportion to the value of his property, as ascertained by the said appraisement.

Suppose, however, that the rightful owner obtains possession of his property, without resorting to his action at law, is he compelled to pay for the improvements, and if so, upon what ground? It will be observed that where the petition is filed, under chapter 80 of the Code, the defendant, or person who made the improvements, cannot collect the appraised value thereof by execution, as in ordinary actions. It is at the option of the plaintiff to pay the same, or he may permit the defendant to pay the value of the land, or they may become tenants in common of the property; but in no event is an execution to issue, to enforce the judgment against either party. The execution or process to put the plaintiff in possession of his land, is only suspended until he complies with the order to pay for the improvements. If he already has the possession, then it would seem that an order, or judgment, that he should pay for the improvements would amount to nothing, for there is no method in which it could be enforced. He is not liable at common law, and we think is only liable where the petition is filed by a defendant who, in a proper action, is determined not to be the rightful owner.

It is claimed that this view is unjust, and holds out a permission to the owner of land, to obtain possession by wrongful, fraudulent, or violent means. To this it may be answered, that in such cases the defendant, or person in the prior possession, is by no means remediless. If the plaintiff, or owner of the land, by force, intimidation, fraud or stealth, has entered upon the prior actual possession of the defendant, and detains the same, such prior

occupant is given his summary remedy for such entry and detention; and in that action, the question of title cannot be investigated. Code, sections 2362, 2371. Having in this method, maintained his right to the possession, the owner of the title would be driven to assert it by proper action, and then the occupying claimant could file his petition under the Code, for pay for improvements. So, there might be such circumstances of fraud, on the part of the owner of the land, as to entitle the occupant to recover in equity for his improvements. But where the owner of the title has acquired the possession, and continues to hold it, we do not think he is liable at law for the value of the improvements. We have seen, he is not liable at common law. The statute makes him liable in a particular manner, and this remedy must be pursued. If this statute is defective—does not cover all the cases it should—the remedy is in the hands of the legislature, and not in the courts. While for every injury, and for the enforcement of every right, there is a remedy, yet it must always be remembered that, (on the law side of the court, at least), this rule has reference to legal rights, and legal remedies.

Judgment affirmed.