A. T. BIGELOW et al., Appellees, v. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA et al., Appellants.

*Shull, Stilwill, Shull & Wadden,* for Indemnity Insurance Company of North America, appellant.

*Henderson, Fribourg, Hatfield & Fribourg,* for John Herrink, appellant.

*Stason & Knoepfler,* for appellees.

KINDIG, J.—During the May, 1924, term, the Woodbury County district court, in a previous action, entered a judgment quieting title to certain real estate located along the Missouri River. In that case, one A. T. Bigelow was plaintiff, and W. W. Stevens, A. M. Holman Investment Company, a corporation, Ellen E. Nelson, Isaac Stekelenberg, Marie Louise Pepin, Eva Linksweiler, Hubert A. Pepin, Evaline Pepin Small, Alfred E. Pepin, Otis E. Wick, Daisy H. Wick, N. J. Hubert, R. F. Choquette, F. J. Jauron, E. J. Jauron, Earnest Lanott, Albert Jauron, Frank Sheets, John Herrink, Charles Edmundson, and certain unknown claimants were defendants.

The effect of that former decree, so far as the present controversy is concerned, was to declare the said A. T. Bigelow, Hubert A. Pepin, Evaline Pepin Small, Alfred E. Pepin, Otis E. Wick, Daisy H. Wick, W. W. Stevens, A. M. Holman Investment Company, and Ellen E. Nelson the holders of certain portions of the land before mentioned, as against the claims of F. M. Cassady, John Herrink, and C. W. Marsh. Accordingly, an appeal by the above named Cassady, Herrink, and Marsh was taken from that judgment of the district court to the Supreme Court.

To avoid the issuance of execution during the pendency thereof, a supersedeas bond was given by those three disappointed litigants. That instrument was in the penal sum of

$5,000, and was conditioned to pay to the said A. T. Bigelow, Hubert A. Pepin, Evaline Pepin Small, Alfred E. Pepin, Otis E. Wick, Daisy H. Wick, W. W. Stevens, A. M. Holman Investment Company, and Ellen E. Nelson: First, "all costs and damages that shall be adjudged against said appellants on said appeal;" and second, "all rents and damages to property during the pendency of the appeal out of the possession of which the appellee is kept by reason of the appeal." Upon this bond, the appellant Indemnity Insurance Company of North America was surety. This appeal resulted in an affirmance. *Bigelow v. Herrink*, 200 Iowa 830.

Then a rehearing was sought, and therefore the issuance of the procedendo was delayed until February 3, 1926, when it was filed in the district court. From the date the supersedeas bond was given until April 1, 1926, the appellant John Herrink was in possession of the premises in controversy. So, on the 25th day of February, 1926, the appellees in the case at bar, as plaintiffs, brought an action against the appellants, Indemnity Insurance Company of North America and John Herrink, as defendants, to recover: First, the costs of the former quieting title proceeding; and second, the rents from the land during the interim.

After trial to a jury, there was a verdict for appellees, and because of alleged errors during the hearing, appellants have appealed.

I. There are 15 assignments of error, but under Rule 30 of this court, it is necessary to consider but four of them. Any error relied upon for reversal, not argued, shall be deemed to have been waived. *Winsor & Son v. Mutual Fire & Tornado Assn.*, 170 Iowa 521; *Thompson v. Romack*, 174 Iowa 155; *Miller v. Swartzlender & Holman*, 192 Iowa 153; *Minneapolis & St. L. R. Co. v. Pugh*, 201 Iowa 208; *State v. Derry*, 202 Iowa 352.

Such assignments as were argued now will be considered.

II. Complaint is made by appellants because the district court did not sustain their motion to strike all the plaintiffs from the case except A. T. Bigelow, or require an election as to which of them should proceed with the action, on the theory that certain causes are misjoined. Basis for this conten-

tion is that appellee Bigelow owned one part of the real estate involved, while a different and distinct portion thereof belonged to Hubert A. Pepin *et al.* Consequently, it is insisted that appellees' ownership of the rents involved must necessarily be several, and not joint, due to the separate and independent proprietorship of the realty, as above explained. Their idea is that the bond is several, and not joint, and that each beneficiary thereof must bring a separate action for his respective claim.

On its face, the security contract appears joint. No indication is made therein that the surety is not willing to be thus sued. Section 10981, Code of 1924, provides:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy between the parties before the court cannot be made without the presence of other parties, it must order them to be brought in."

If, then, under the foregoing legislation, the court, in the event that appellee Bigelow alone had commenced the action, should have ordered the other appellees "brought in," there does not seem to be any good reason here why it could not approve their voluntary appearance in the first instance. Primarily, the purpose is to accomplish a full adjudication of the subject-matter as it relates to all interested parties. Accomplishment of this will result either through the voluntary appearance or the court's order under Section 10981, supra. We said in *King v. Kehoe*, 91 Iowa 91:

"The bond is in the penal sum of three thousand dollars, and is to M. M. Carville and Daniel King, jointly [their interests were several]. It is clear that no recovery can be had upon this bond in excess of its penalty. * * * As Carville's rights under the bond are jointly with appellant, Carville is a necessary party to the action thereon, as the amount to which each may be entitled must necessarily be ascertained before either can recover. If each may separately recover, the sureties may be charged above the amount of the bond, or the one last recovering be limited to an amount less than he is entitled to upon the bond. We conclude that the demurrer [to the defense] was properly sustained."

Likewise, in the case at bar, the penalty of appellants' written undertaking was limited to $5,000, and if the appellee Bigelow alone had recovered that amount, or any other portion thereof not in the proper ratio which his loss bore to the damage of the other appellees, then, to that extent, there would be an injustice, either to appellants or to the other appellee beneficiaries thereunder. Said "limitation" exists whether the obligation is joint or several. It is true that the prayer for judgment was something less than $4,000, but that does not settle the dispute here, for the reason that it could not be known what the claim of each would be until and unless he was brought into the action. Because, in the instant case, the aggregate of all claims did not exceed the penalty of the bond, proof is not thereby afforded that such fact could have been judicially known until all parties were before the court. Therefore, under the facts and circumstances, had the appellee Bigelow alone appeared in this suit in the first instance, the court would have been justified, and undoubtedly required, to order the remaining appellees brought in for the purposes hereinbefore suggested. When the appellants pay this judgment, they will be relieved from any further liability under the supersedeas bond. The portion thereof to which any individual appellee may be entitled is a matter which concerns that claimant and the other appellees only. Under no conditions would appellants be involved in the distribution of the judgment proceeds. Moreover, the only prejudice suggested by appellants is that the rental value would be different per acre on either division of the land than upon both of them together. Putting the thought in another way, appellants urge that the less desirable parcel, when rented by itself, is not so remunerative as it would be, were it attached to the other segment. Hence, they conclude that for renting purposes the value should be estimated separately, and not collectively. However that may be, it relates to the subject of proof, and when the evidence was offered, no objections to that effect were made.

With the theory of the trial thus adopted, appellant cannot now complain thereof for the first time in this court.

III. Appellants further assert that the district court committed error because it struck from their answer the por-

tion thereof relating to a set-off claimed by the appellant John Herrink for improvements placed upon the real estate.

Petition of appellees to recover real estate, in *Bigelow v. Herrink*, 200 Iowa 830, did not include a claim for damages, as provided by Section 12235 of the 1924 Code. Wherefore, the appellant Herrink, as defendant in that former action, could not therein "set off the value of any permanent improvements made" by him on the farm, within the purview of Section 12249 of that Code. His remedy, then, must be pursued under Chapter 440 of the 1924 Code, relating to occupying claimants. For Section 12249, supra, contains the following phraseology:

"When the plaintiff is entitled to damages [under Section 12235, supra], * * * the defendant may set off the value of any permanent improvements made thereon to the extent of the damages, unless he prefers to avail himself of the law for the benefit of occupying claimants."

Contention is here made by appellants that a change has occurred in this legislation as it appears in the various Codes, including 1851, 1860, 1873, 1897, and 1924. More particularly, their point is that the phrase "in an action of this nature" is eliminated from Section 12249 of the 1924 Code, while it is contained in the Code of 1851. Formerly, the paragraph read:

"When the plaintiff in an action of this nature is entitled to damages for withholding or using or injuring his property, the defendant may set off," etc.

Resultantly, appellants state that; with the phrase before quoted eliminated, Section 12249 entitles them to a set-off for the improvements in the present proceeding on a supersedeas bond.

Manifestly, however, this contention is erroneous. While it is true that the phrase above mentioned is eliminated from Section 12249, supra, yet other sections in Chapter 517 of the 1924 Code contain the limitation formerly afforded by Section 12249, supra. Section 12230 is as follows:

"Actions for the recovery of real property shall be by ordinary proceedings, and there shall be no joinder and no coun-

terclaim therein, except of like proceedings, and as provided in this chapter.''

Harmonizing the thought there expressed with that contained in Section 12235, supra, wherein the plaintiff is permitted to claim damages because the property was withheld from him, it becomes apparent that Section 12249, supra, so far as it permits the defendant therein named to set off the value of permanent improvements, relates only to actions for the recovery of real estate.

Necessarily, then, appellants' remedy, if any, must be under Chapter 440, supra, relating to occupying claimants.

IV. The principle permitting recovery for improvements on land by occupying claimants has evolved from the narrow limitations of the common law, through equity, to the broader and modern policy afforded by statute. 14 Ruling Case Law 17, 18, and 19. Recovery for such improvements by independent action was not permitted at common law, and is allowable now only through the enabling statute. Inevitably, then, an essential prerequisite for such relief is a compliance with all the conditions precedent. Necessity, therefore, demands that the applicant for such redress through the statute must bring himself within the terms and provisions thereof. Section 10128 of the 1924 Code declares:

''Where an occupant of real estate has color of title thereto and has in good faith made valuable improvements thereon, and is thereafter adjudged not to be the owner, no execution shall issue to put the owner of the land in possession of the same, after the filing of a petition as hereinafter provided, until the provisions of this chapter [440] have been complied with.''

Succeeding this enactment is Section 10130, of the same chapter, specifying the material allegations to be embodied in the said petition.

Clearly, then, if appellants were not in possession at the time their claim was made in this regard, they must fail. *Webster v. Stewart*, 6 Iowa 401; *Claussen v. Rayburn*, 14 Iowa 136; *Blanchard v. Ware*, 43 Iowa 530; *Lindt v. Uihlein*, 116 Iowa 48; *Lunquest v. Ten Eyck*, 40 Iowa 213; *Snell v. Mechan*, 80 Iowa 53; *Anderson v. Acheson*, 132 Iowa 744; *Benton v. Dumbarton*

*Realty Co.,* 161 Iowa 600; *Bryan v. Christianson,* 188 Iowa 669; 14 Ruling Case Law, supra. *Lindt v. Uihlein,* supra, explains:

"Furthermore, we are constrained to hold that, whatever rights defendants might otherwise have had, their petition was filed too late to entitle them to relief under the occupying claimant's act. * * * [The petitioners under that act were not in possession, and while out, the owners entered, and were holding at the time of the suit]. That this loss or surrender of possession [of the real estate] works the loss of their [the claimants'] right to be regarded as occupying claimants, must be accepted as the settled law of this state."

Execution to put appellees in possession here was not abated by appellants' petition as occupying claimants, within the purview of Section 10128, supra. In fact, without filing such petition, appellants permitted the appellees to take possession of the premises, and, for the purpose of making that possible, the same were voluntarily vacated. John Herrink, the appellant, as a matter of fact is admitted to have left the property and ceased being an occupying claimant thereof on the first day of April, 1926. Yet he did not assert his claim for the improvements as a set-off until August 7th thereafter. That defeats his recovery.

No pronouncement is made by us upon the question as to whether or not the appellant Indemnity Insurance Company of North America could in any event be benefited through the right of the appellant John Herrink as an occupying claimant, nor do we decide the point as to whether or not the petition contemplated by Section 10128, supra, can be interposed as a counterclaim.

V. Embraced within the court's instructions is the following sentence:

"In this case the plaintiffs do not seek to recover from the defendants, or either of them, for the reasonable rental value or use of said real estate prior to and before the date of said decree [*Bigelow v. Herrink,* 200 Iowa 830] of May 13, 1924."

Grievance is predicated by appellants upon that charge. There was no issue, they argue, as to any claim for rents prior to May 13, 1924. Due to this, appellants insist, the instruction

was not pertinent to any question involved. From that, it is concluded by them, there was prejudice, because they suggest that the jury thereby received the indication, through the court, to consider, in reaching a verdict, appellees' waiver of any claim for rent prior to May 13, 1924.

If we understand the thought, it is that the fact-finding body, with that in mind, would consider the appellees generous, and attempt to compensate them through a verdict for what had voluntarily been surrendered, as a matter of liberality. Of course, the portion of the instruction complained of must be read in the light of the record and the court's entire charge made relating thereto. When doing so, it is found that Alfred Pepin and appellee had testified that Herrink, the appellant, occupied the land during the years 1922, 1923, 1924, 1925, and 1926; while the decree of the trial court (in *Bigelow v. Herrink,* supra), recited that the appellant Herrink entered into such possession April 1, 1921. So, to avoid any confusion, the jury were told not to allow any rental for the period prior to May 13, 1924, for this was the date of the decree appealed from in *Bigelow v. Herrink,* supra, and therefore marked the beginning of the interim covered by the supersedeas bond.

Manifestly, then, the instruction was proper, and no prejudice whatever could have accrued to appellants therefrom.

VI. Each rental period was considered by the court as a "rest," for the purpose of figuring interest on the damages. By so doing, appellants contend, there was error. They argue that in no event could the jury find anything but a lump sum as the damages, and accordingly interest could only be figured thereon as a single item. With this theory we do not agree. Much depends upon the necessity for complete indemnity or compensation, because that, after all, is the object of allowing damages. Here appellees were entitled to rental for each crop season. Thus during every year a new item of damages accrued, because appellants deprived the appellees from the land for two "crop seasons." Injustice would arise, should appellees be denied interest on the value of the rentals accruing at the end of each period. 19 Corpus Juris 1243, Section 379, contains this:

"Interest may be allowed on the fair annual rental value

of the premises during the period they were wrongfully withheld when necessary to complete indemnity."

9 Ruling Case Law, Section 112, page 943, also states:

"In other cases the rule has been held to be that the allowance of interest on the fair annual value of the use and occupation of the premises during the period they were wrongfully withheld is a proper subject for the consideration of the jury in determining the amount of damages which the plaintiff is entitled to recover."

See, also, *Nunn v. Lynch*, 89 Ark. 41 (115 S. W. 926); *Laycock v. Parker*, 103 Wis. 161 (79 N. W. 327).

Other matters relating hereto are argued, but we have given them careful and full consideration, and find that the appellants were in no way prejudiced by the court's action concerning the same.

Wherefore, the judgment and decree of the district court should be, and hereby is, affirmed.—*Affirmed.*

STEVENS, C. J., and EVANS, FAVILLE, and WAGNER, JJ., concur.