R. E. BETZ, Appellant, v. CITY OF SIOUX CITY, a municipal corporation, Appellee.

No. 47137.

(Reported in 30 N. W. 2d 778)

FEBRUARY 10, 1948.

Everett Waller, E. O. Bundy, and Fred H. Free, all of Sioux City, for appellant.

Ralph W. Crary and Virgil DeWitt, both of Sioux City, for appellee.

BLISS, J.—Plaintiff's petition was filed on August 25, 1941, under chapter 440, of the 1939 Code, and his amended and

substituted petition was filed on January 22, 1946, under chapter 560 of the 1946 Code of Iowa. These chapters are identical and references herein will be to the 1946 Code. The pertinent sections thereof are as follows:

"560.1 Right to improvements. Where an occupant of real estate has color of title thereto and has in good faith made valuable improvements thereon, and is thereafter adjudged not to be the owner, no execution shall issue to put the owner of the land in possession of the same, after the filing of a petition as hereinafter provided, until the provisions of this chapter have been complied with.

"560.2 'Color of title' defined. Persons of each of the classes hereinafter enumerated shall be deemed to have color of title within the meaning of this chapter * * * 2. Occupancy for five years. A person who has by himself or together with those under whom he claims, occupied the premises for a period of five years continuously.

"560.3 Petition—trial—appraisement. The petition of the occupant must set forth the grounds upon which he seeks relief, and state as accurately as practicable the value of the real estate, exclusive of the improvements made thereon by the claimant or his grantors, and the value of such improvements. The issue joined thereon must be tried as in ordinary actions and the value of the real estate and of such improvements separately ascertained."

Section 560.4 provides in substance that the adjudged owner of the land may pay to the clerk of the court for the occupying claimant the appraised value of the improvements and take the land so improved, and an execution may issue to put him in possession thereof. If the owner fails to make the aforesaid payment within such reasonable time as the court may fix, the occupying claimant may pay to the clerk of court, within such time as the court may fix, for the use of the owner of the land the ascertained value of the property exclusive of the improvements and retain the property together with the improvements.

Section 560.5 provides in substance that if neither the owner nor the occupying claimant makes the payment to the clerk of court as provided in section 560.4, supra, they shall be held to be tenants in common of all of the real estate including the improvements, each holding an undivided interest proportionate to the separate values of the land and of the improvements as ascertained at the trial.

These "betterment" or "occupying-claimant" statutes, substantially as noted above, have been a part of the statutory law of Iowa and included in the Code of 1851 and all succeeding Codes. It was the inequitable, unyielding, rule of the early common law that the owner of land was under no liability to pay for improvements made thereon without his authority or knowledge by an occupying claimant of the property having no title, even though he did so in good faith and in the honest belief that the land was his. All such improvements attached to the land became a part of it and passed to the owner when he ejected the occupant. Thus the latter was deprived not only of the land which he thought was his, but he lost also the improvements made by his labor and with his resources, and the owner was enriched without effort or expense. The rule of the Roman and civil law was more liberal and equitable. It was a maxim of the civil law that: "By the law of nature it is not just that anyone should be enriched by the detriment or injury of another." 50 C. J. S. 706. In accord therewith the civil law permitted one who had made improvements on land in his possession under the bona fide belief that he was the owner of it, to exact compensation for the enhancing value of such improvements, less the value of the use of the land, before he could be forced to yield it to the real owner. The chancery courts of England, drawing upon the principles and procedure of the civil law, step by step ameliorated the severity and rigidity of the common law in these matters. In time the pertinent principles and procedure were made statutory in order to define and enlarge the equities and to give a more speedy and effective remedy to the occupant than the common law afforded. They have been enacted in most of the states. As said in Swift v. Calnan, 102 Iowa 206, 213, 71 N. W. 233, 234,

37 L. R. A. 462, 63 Am. St. Rep. 443, with reference to the party-wall and occupying-claimant statutes:

"Each of these enactments was borrowed from the civil law, and has for its basis the equitable doctrine that 'equality is equity.' Neither takes from the proprietor of the land anything except for benefits received."

An excellent discussion of the basis and background of the statute involved herein is found in the opinions of Judge Dillon in Parsons v. Moses, 16 Iowa 440, Craton v. Wright, 16 Iowa 133, and Childs v. Shower, 18 Iowa 261. See, also, Read v. Howe, 49 Iowa 65; Lunquest v. Ten Eyck, 40 Iowa 213; Bigelow v. Indemnity Ins. Co., 206 Iowa 884, 890, 221 N. W. 661; 42 C. J. S., Improvements, section 6; 27 Am. Jur., Improvements, section 5; Jackson v. Loomis, 4 (Cowen) N. Y. 168, 15 Am. Dec. 347, and note; Valle's Heirs v. Fleming's Heirs, 29 Mo. 152, 77 Am. Dec. 557; Skiles v. Houston, 110 Pa. 248, 20 A. 722; Bright v. Boyd, 1 Story 478, 4 Fed. Cas. No.1,875, 127, 2 Story 605, 607, 4 Fed. Cas. No.1,876, 134, in which Judge Story said:

"I wish, in coming to this conclusion, to be distinctly understood as affirming and maintaining the broad doctrine, as a doctrine of equity, that, so far as an innocent purchaser for a valuable consideration, without notice of any infirmity in his title, has, by his improvements and meliorations, added to the permanent value of the estate, he is entitled to a full remuneration, and that such increase of value is a lien and charge on the estate, which the absolute owner is bound to discharge, before he is to be restored to his original rights in the land."

For annotations of decisions under various occupying-claimant statutes, see 104 A. L. R. 577, and 137 A. L. R. 1078.

The nature and purpose of these occupying-claimant statutes are such that courts have uniformly accorded them a broad and liberal construction. As said by the supreme court of Missouri in Stump v. Hornback, 109 Mo. 272, 280, 18 S.W. 37, 39: "The statute growing out of the application of equitable

principles should be given a liberal construction so as to do, as far as possible, under its provisions, complete justice between the parties."

The Court of Civil Appeals of Texas, in Maxey v. Patterson, 82 S. W. 2d 386, 388, expressed a like thought:

"The rule which allows one to recover for improvements so placed by him on the property of another has its origin in the principles of equity and is based on a sound policy which requires fair and honest dealing between man and man. [Citing cases.] Therefore, the right thus recognized by the statute ought not to be defeated by the application of unnecessary technical rules."

This court has said in Parsons v. Moses, supra, 16 Iowa 440, 442:

"The statute is remedial. It was designed to compensate a party who has color of title, and who, in good faith, has expended his money in making valuable improvements upon premises, of which he is afterwards found not to be the rightful owner."

In Benton v. Dumbarton Realty Co., 161 Iowa 600, 612, 613, 143 N. W. 586, 590, this court after expressing its agreement with a quotation from Litchfield v. Johnson, 4 Dill. 551, 15 Fed. Cas. No.8,387, 591, by Judge Dillon, that " 'these remedial statutes are entitled to a fair and even liberal construction' " said:

"The provision rests upon the broadest equities and was intended to reimburse those who have, in good faith, made improvements upon the land believing themselves to be the owners thereof at the time they were made and of which they are divested in a subsequent action by the true owner."

See, also, Read v. Howe, 49 Iowa 65.

In this appeal we are not concerned with the merits of the case, as the only matter involved is one of procedure. But the purpose of the statute and its provisions are properly for consideration in a determination of the questions submitted. In

the original petition it is alleged that prior to the year 1928 there was a tract of ground, particularly described, lying between the tracks of the Milwaukee and the North Western Railway Companies and the Missouri River, which at flood stage of the river was under water for a considerable depth, but when the river was at low stage, consisted of sand bars interspersed with pools of water, and covered with willow brush, and of no value for any purpose; that for thirteen years prior to the filing of his petition (in August 1941) plaintiff had been in actual possession of this ground and had dumped thereon thousands of loads of dirt, rock and other filling material, thereby building up several acres of river-front land having a value of approximately $50,000; that the value of the filling was $9,000 and the buildings which he erected thereon were of a reasonable value of $1,000. He asked judgment against the City of Sioux City, which claimed title to the property, for $10,000, and that his claim therefor as an occupying tenant under chapter 440 of the 1939 Code, be established as a lien against said property.

In the original petition plaintiff alleged that the title to the property was in dispute between himself and the defendant, City of Sioux City, and final determination thereof had not been made by the courts. There was no allegation concerning this litigation in plaintiff's amended and substituted petition. In that pleading, plaintiff alleged the location of the ground and the character thereof substantially as in his original petition and also alleged:

"4. That this plaintiff during the year 1928 commenced the exclusive occupation of said lands and from said time on *and until his eviction therefrom by the defendant in the year 1942*, at his own expense hauled and caused to be dumped upon said flood tracts thousands of loads of dirt and rock and has filled the same up to the level of the original high banks and has created several acres of valuable river front land from which the *defendant has evicted him under claim of superior title.*

"5. That *the defendant city is now in exclusive possession of all of the made lands so created by this plaintiff,* and this

plaintiff, as an occupying claimant of said lands, has made improvements thereon of the value of $50,000.

"6. That this plaintiff is an occupying claimant under the provisions of chapter 440 of the Code of Iowa, 1939, and is entitled to compensation for the improvements made on said lands.

"7. That this plaintiff has never received any compensation for the improvement of said lands and there is now due and owing from the defendant to the plaintiff the sum of $50,000, with interest and costs." (Italics supplied.)

Defendant filed a motion on October 22, 1946, to dismiss the amended and substituted petition for the following reasons:

"1. That the plaintiff's petition shows on the face thereof that said plaintiff is not [an] occupying claimant under the provisions of chapter 440 of the 1939 Code of Iowa.

"2. That as shown by plaintiff's said amended and substituted petition, said plaintiff fails to allege that he is in possession of the premises described in said petition as required by said chapter 440.

"3. That * * * plaintiff's amended and substituted petition * * * shows affirmatively that the plaintiff is not in possession of the real estate described therein and * * * being out of possession and having surrendered possession thereof to the defendant herein, cannot maintain an action as occupying claimant under said chapter 440.

"4. That heretofore this defendant instituted in this court an action against the plaintiff herein known as No. 67603 Equity, the files in which case are by this reference made a part hereof, [and] sought to recover * * * said real estate * * * and in said cause, on the 3rd day of July, 1941, this court entered a judgment and decree awarding possession of the land described in plaintiff's petition to this defendant and that thereafter, in accordance with said decree the plaintiff herein permitted himself to be evicted from the premises * * * and having suffered such an eviction and having removed from the real estate all as shown by plaintiff's petition, said plaintiff waived his right as an occupying claimant under said

chapter 440 and is now estopped from claiming the rights of an occupying claimant.

"5. That said plaintiff is now estopped from maintaining this action for the reason that the issues * * * are now res adjudicata by reason of the decree entered by this court in said cause No. 67603, which decree was by the plaintiff herein appealed to the supreme court of Iowa, which said court on February 11, 1942, affirmed the above decree of this court, the opinion of which is found in 232 Iowa, on page 84.

"6. That at the time the plaintiff hauled dirt and rock upon the real estate described in said petition and filled the same to the level of the high banks of the Missouri River, this defendant was not the owner of said real estate, but that the title thereto was vested in the state of Iowa, and that the claim of the plaintiff, if any, for the improvements * * * should be made against the state of Iowa and not against this defendant."

I. On April 16, 1947, the trial court, contrary to Rule 118 of the Iowa Rules of Civil Procedure requiring the separate grounds or parts of a motion to be disposed of by separate rulings on each, and not by a general ruling on the motion, disposed of the motion by stating that it "is hereby sustained." These Rules have been in effect since July 4, 1943. A violation of Rule 118 was discussed in Hull v. Bishop-Stoddard Cafeteria, 238 Iowa 650, 666, 26 N. W. 2d 429, 439, 440, and the necessity of its observance was asserted.

II. We cannot determine from the ruling on the motion to dismiss whether the court based its ruling, in whole or in part, on any ground alleged in paragraphs 4, 5, or 6 of the motion. The factual grounds of a motion to dismiss a petition because it does not state a cause of action must be found in the allegations of the petition. Facts not alleged in the pleading attacked cannot be set up as grounds of the motion challenging its sufficiency. None of the matters of fact alleged in paragraphs 4, 5, and 6 of the motion is mentioned in the amended and substituted petition. Demurrers are abolished by Rule 67 of the Civil Rules of Procedure. When it was a part of our pleading, a demurrer which was grounded on facts not appearing on the face of the pleading thus attacked was desig-

nated as a "speaking" demurrer, and such averments therein were disregarded by the courts. See In re Estate of Ferris, 234 Iowa 960, 967, 968, 14 N. W. 2d 889, and authorities cited. The function of the demurrer has now been assumed by a motion. And when a motion offends in the manner of a "speaking" demurrer, it must also be disregarded. Johanïk v. Des Moines Drug Co., 235 Iowa 679, 681, 17 N. W. 2d 385. The affirmative defenses of estoppel, waiver, surrender, ownership, and res adjudicata mentioned in the motion should be raised in an answer or other proper pleading.

III. The remaining ground of the motion is stated in defendants' Proposition I, to wit, "The appellant, not being in actual possession of the premises at the time said amended and substituted petition was filed cannot be regarded as [an] occupying claimant."

The statute does not expressly require an occupying claimant to be in possession of the land at the time he files an *amended* and *substituted* petition. It does provide in section 560.3 that "the petition of the occupant" must set forth the grounds upon which he seeks relief. His occupancy at the time the petition is filed is implicit in the quoted words. The petition filed August 25, 1941, alleged that plaintiff was then in possession of the property. His action was pending at that time, and that status was continuous up to and beyond the filing of the substituted and amended petition. The filing of that petition was not the institution of a new action. It was but a pleading in an existing action. It also alleged his exclusive occupancy of the property continuously from 1928 until "his eviction therefrom by the defendant in the year 1942." This, necessarily, is an allegation that he was in the possession and occupancy of the property when his petition was filed and the claim for his improvements under the statute was made. The pleading does not specify how he was evicted other than that it was "under claim of superior title." The words "evicted" and "eviction", as alleged, mean his involuntary expulsion from, or dispossession of, the land. Eviction might be effected by violence or actual force, without legal process. While the substituted petition alleged that the eviction was "under claim

of superior title", it does not necessarily follow that his eviction was by an execution or other writ or process under a judgment, contrary to an express prohibition of the statute. If the eviction was by such execution or process it was illegal. The only reasonable meaning that can be given to the said allegations of the substituted petition is that plaintiff's removal from the property was not voluntary on his part, but was against his will and intention, or otherwise unlawfully effected. It is not reasonable to assume that after instituting his action for the large amount claimed he would voluntarily and intentionally surrender possession of the property and abandon his claim. No such intention or action on plaintiff's part can fairly or reasonably be assumed or inferred from the allegations of the challenged pleading. 'Defendant states in paragraph 4 of its motion that plaintiff "permitted himself to be evicted" and "suffered such an eviction" and "removed from the real estate" and "waived his right as an occupying claimant." If by these statements defendant meant the respective acts were voluntary and freely done by plaintiff, we think the conclusions are unwarranted and not fairly deducible from the allegations of the substituted petition. The motion to dismiss, of course, admits all well pleaded facts in the questioned pleading, including the allegations of eviction as herein construed by this court. Under such admission the motion should have been denied. The only question for determination on this appeal is whether the substituted petition is vulnerable to the attack of defendant's motion. Our conclusion is that it is not.

In support of defendant's proposition for affirmance, quoted above, it relies upon Webster v. Stewart, 6 (Cole) Iowa 401, 402, Claussen and Kuehl v. Rayburn, 14 Iowa 136, Lindt v. Uihlein, 116 Iowa 48, 89 N. W. 214, and Bigelow v. Indemnity Ins. Co., 206 Iowa 884, 221 N. W. 661. It disregarded Rule 344(e) requiring the citation of the North Western Reporter of any Iowa decision cited, if reported therein. In the case first noted the plaintiff apparently had color of title and had made the improvements in good faith and was in actual possession of the property, but, before he had brought action under the occupancy-claimant statute (chapter 80 of the Code of 1851),

the owner of the land "unlawfully, wrongfully, and without the knowledge or consent of plaintiff, entered upon said land, and took possession of the same and the improvements" and retained the property without compensation to plaintiff for the reasonable worth of the improvements. A demurrer to the petition was sustained. This court affirmed and held that dispossession of the occupant, even though effected in the way stated, defeated his right of action under the statute because he was no longer an occupant of the property. The court said:

"It is claimed that this view is unjust, and holds out a premium to the owner of the land, to obtain possession by wrongful, fraudulent or violent means. To this it may be answered that in such cases the * * * person in the prior possession, is by no means remediless. If the * * * owner of the land, by force, intimidation, fraud or stealth, has entered upon the prior actual possession * * * and detains the same, such prior occupant is given his summary remedy for such entry and detention; and in that action, the question of title cannot be investigated. * * * Having in this method maintained his right to the possession, the owner of the title would be driven to assert it by proper action, and then the occupying claimant could file his petition under the Code for pay for improvements." Webster v. Stewart, 6 (Cole) Iowa, at page 404.

We think the facts in the case on appeal distinguish it from the cited case and that the holding in the latter case is not applicable or controlling. In the case before us the action of the occupant was already pending when he was evicted. But we seriously question the soundness of the cited decision. It is a narrow, harsh, and rigid construction of a statute which should be broadly and liberally construed. It is inequitable and unjust in that it permits one to wrongfully take the law into his own hands and thus compel a law-abiding person with an apparently worthy cause to unnecessary circuity of action to have his rights determined. One thus evicted has such legal or constructive possession as to permit him to proceed directly under the occupying-claimant statute. It is also no proper answer to say that the occupant might recover in equity for

his improvements. And if the occupant must seek his summary remedy for the entry and detention, why may he not do this after the amount of his award has been determined in the action under the improvements act, if he may do it before?

The decision in Claussen and Kuehl v. Rayburn, 14 Iowa 136, reaffirms the holding in Webster v. Stewart, 6 (Cole) Iowa 401, supra. The facts in the Rayburn case are not so strongly favorable to the occupant as they were in the Stewart case, but there too it appears that the owner after judgment in his action of right possessed himself of the property under an execution before the occupant could file his petition to recover the value of his improvements. The demurrer of defendant to the petition was sustained, and the judgment was affirmed. That decision does not control under the facts of the case at bar.

So, also, in Lindt v. Uihlein, 116 Iowa 48, 89 N. W. 214, and Bigelow v. Indemnity Ins. Co., 206 Iowa 884, 221 N. W. 661, both supra, the occupant was out of possession when he brought his action under the statute in question and they do not aid the defendant. Without further analysis of the decisions therein, we hold they do not sustain the judgment of the trial court herein.

The judgment appealed from is therefore—Reversed and remanded.

MULRONEY, C. J., and OLIVER, GARFIELD, and HAYS, JJ., concur.

HALE, MANTZ, and SMITH, JJ., dissent.

HALE, J. (dissenting)—I have no quarrel with the majority opinion as to most of the general proposition made. It is not my understanding that the opinion holds that the irregularities in procedure amount to reversible error, such as the violation by the court of Rule 118, making a general ruling instead of specifying the grounds upon which the ruling is based. Hull v. Bishop-Stoddard Cafeteria, 238 Iowa 650, 26 N. W. 2d 429; Humphrey v. City of Des Moines, 236 Iowa 800, 20 N. W. 2d

25; State v. Otterholt, 234 Iowa 1286, 15 N. W. 2d 529, in all of which this irregularity was discussed, have held that the failure of the court under Rule 118 had not been so prejudicial as to require a reversal, and we expressly say so in the Hull case, supra. It is not contended that defendant's motion should be sustained in its entirety.

It may also be agreed that the claim was filed in 1941, prior to the dispossession of the plaintiff. No claim is here made that the amended and substituted petition was an abandonment of the claim made in the original petition for compensation for improvements made. But I think that some of the allegations of defendant's motion were properly sustained. These are: (1) That the plaintiff's petition shows on the face thereof that said plaintiff is not an occupying claimant under provisions of chapter 440 of the 1939 Code of Iowa (560, Code of 1946); (2) that it is shown by defendant's amended and substituted petition that plaintiff fails to allege that he is in possession of the premises described in the petition as required by said chapter 440; and (3) that plaintiff's amended and substituted petition shows affirmatively that the plaintiff is not in possession of the real estate described therein, and being out of possession and having surrendered possession thereof to the defendant herein cannot maintain an action as occupying claimant under chapter 440.

Throughout the consideration of the case it must be remembered that the question involved is not one of title, but of possession. The statute under which this action is brought is set out in the majority opinion, but may be repeated here. Section 560.1, Code of 1946, reads:

"Where an occupant of real estate has color of title thereto and has in good faith made valuable improvements thereon, and is thereafter adjudged not to be the owner, no execution shall issue to put the owner of the land in possession of the same, after the filing of a petition as hereinafter provided, until the provisions of this chapter have been complied with."

Since a person in occupancy of premises cannot be removed therefrom by process of law until the provisions for compensa-

tion have been complied with, it is contended that if he is not in possession or does not retain possession he is not an occupying claimant, and the rulings in this state have been to that effect. It is further contended that the ground of the motion alleging that the plaintiff, not being in actual possession, cannot be regarded as an occupying claimant, and is so shown by plaintiff's petition.

Plaintiff states that the defendant has evicted him under claim of superior title, and that the defendant city is now in exclusive possession of all of the made land claimed by this claimant. The petition thus affirmatively shows that he is not in possession; that he is no longer an occupying claimant of the land. Of course under the provisions of the chapter no execution could issue. He could not be lawfully evicted, and thus his right to remain upon the land could not be impaired by any process of law until recompense is made, and the petition showing claim for damages does not allege that his claim has not been satisfied. Therefore, he is a claimant whose occupancy could not be legally disturbed, and who is shown affirmatively not to be in possession. Being so shown at the time of the hearing the court should and did properly sustain the motion.

The majority opinion alleges that a claim of eviction was made in the petition, and that this was sufficient to support his right. The opinion is based largely upon this pleading of eviction. Of course eviction does not necessarily mean a forcible dispossession, nor on the other hand can eviction mean a voluntary surrender, but to avoid being voluntary there must be some form of compulsion.

The word "evict" means:

"1. Law. (a) to recover (property) by legal process or by virtue of a superior title (b) to put out (a person) by legal process, or by virtue of a paramount right or claim of such right; to eject; oust." Webster's New International Dictionary.

Under the statute there could be no force, no legal process or anything which amounted to compulsion. It therefore appears that plaintiff's loss of possession under claim of superior

title must have been through his own act. In other words, voluntary, and at the time of the hearing he was not in occupancy.

The ruling upon the motion depends upon the question: Was the plaintiff, who at the time of filing the substituted petition was not in occupancy or possession of the land, entitled to any right under the occupying claimant's law? I am satisfied the right to recover compensation may be waived, abandoned, or forfeited by any act on the part of the plaintiff which was inconsistent with such right or shows an intention not to assert it, as by failure to comply with the statutory requirements in order to secure an allowance; by voluntarily abandoning the improvements; by electing to remove them; or by a failure to set up his claim at the proper time, although as to this rule there is authority to the contrary. 31 C. J., Improvements, section 22, and cases cited thereunder; 42 C. J. S., Improvements, section 9.

"The remedy provided an occupying claimant, by some statutes, can be asserted only by a claimant in possession. If an occupant surrenders possession without claiming compensation, his right to recover for improvements, under such a statute, is gone." 27 Am. Jur., Improvements, section 8.

See, also, Bigelow v. Indemnity Ins. Co., 206 Iowa 884, 221 N. W. 661, citing Lindt v. Uihlein, 116 Iowa 48, 56, 89 N. W. 214, 217. In the latter case the defendant failed to file his petition until too late. It is stated:

"That act provides a special remedy, and he who seeks to avail himself of it must bring himself within the statute, and pursue the course there indicated. [Citing cases.] This proceeding does not contemplate the recovery of any personal judgment against the landowner, but is in the nature of an assertion of a lien upon the property by the party in possession, accompanied by the right to retain such possession until the lien is satisfied. Dugan v. Von Puhl, 8 Iowa 265. It is so far analogous to the lien which a mechanic has upon personal property on which he has bestowed labor and skill, that he need not surrender possession until his claim has been dis-

charged; but possession once lost, except by force or fraud, the lien is lost. To effectuate that lien, Code, section 2964, provides that no execution shall issue to put the claimant out of possession after he has filed a petition for compensation for his improvements."

Later, on page 57 of 116 Iowa, page 217 of 89 N. W., after stating that no request was made of the court for stay of execution, the opinion continues:

"* * * nor does it appear that, after the execution was in fact issued, any application was made to the court to recall the writ or to prevent its enforcement. It was, in fact, fully executed, and no attempt was made to preserve defendant's rights as occupying claimants until the appeal from the decree had run its course through this court. That this loss or surrender of possession works the loss of their right to be regarded as occupying claimants must be accepted as the settled law of this state." Citing Webster v. Stewart, 6 Iowa 401; Claussen and Kuehl v. Rayburn, 14 Iowa 136.

See, also, Jefferson v. Rust, 155 Iowa 133, 137, 135 N. W. 613; McCormick & McCormick v. Dumbarton Realty Co., 156 Iowa 692, 695, 137 N. W. 943.

It is by no means clear that even the unlawful eviction of a plaintiff, if there had been such, would have been sufficient to authorize him to recover while not in possession. He had his remedy for such unlawful or forcible dispossession. Some of our holdings so indicate. In such case eviction would not be an excuse for a failure to remain in possession.

The majority opinion challenges the authority of the cases hereinbefore cited. To sustain such majority opinion would be, in effect, to overrule our holdings. The original case, Webster v. Stewart, supra, has been cited numerous times in our decisions and followed. The gist of that opinion, according to the majority opinion, was that the defendant had "unlawfully, wrongfully, and without the knowledge or consent of plaintiff, entered upon said land, and took possession of the same and the improvements" and retained the property without compensation to plaintiff for the reasonable worth of the improvements. In that case a demurrer to the petition was sustained. This

court affirmed, and held that dispossession of the occupant, even though effected in the way stated, defeated his right of action under the statute because he was no longer an occupant of the property. So long as this decision has not been disavowed by this court it remains a part of the law relating to occupying claimants. I think it is still the law.

The petition alleges no claim of payment of taxes, makes no allegation of good faith other than by reference to the statute, and makes no color of claim to title except by occupancy. As heretofore stated, his claim is mainly based upon his interpretation of the word evict. I feel satisfied that the motion was rightly sustained and should be affirmed.

MANTZ and SMITH, JJ., join in this dissent.