FRED NEWTON, appellant, v. CITY OF GRUNDY CENTER, appellee.

No. 48692

(Reported in 70 N.W.2d 162)

918

Lundy, Butler & Lundy and Donald C. Wilson, all of Eldora, for appellant.

Ruppelt & Kimball, of Grundy Center, and Smedal & Maurer, of Ames, for appellee.

LARSON, J.—The trial court sustained defendant's motion to dismiss the petition of the plaintiff upon the ground, "That the allegations contained in said petition indicate affirmatively that the plaintiff possesses an adequate remedy at law." Plaintiff appeals.

The plaintiff's, Fred Newton's, petition in equity alleged that he owned certain real estate and rented other land concerned in this action; that in the summer of 1953 the defendant, City of Grundy Center, Iowa, constructed a sewer system, extending an underground tile from a lift station across the premises rented by him and lands owned by him, emptying upon the lands owned by plaintiff and into an open creek which traversed his pasture, in which he kept livestock. Plaintiff further alleged the defendant's entry upon his land and the construction made was without his consent or without lawful authority or process of law; that it destroyed three fourths of an acre of corn; also that it so constructed the outlet that it "emitted offensive materials and substances, engendering offensive odors, corrupting, polluting and rendering unwholesome and impure the waters of said creek", and thereby created a nuisance. It was further alleged: "That as the plaintiff believes the defendant intends to keep said sewer tile or drainage tile on his premises and to continue the unlawful

trespass thereon, and will continue to permit the emission of the offensive materials above referred to, and because of all the foregoing the plaintiff will suffer irreparable damage and injury and has no plain, speedy or adequate remedy at law." In his prayer plaintiff asked $5000 damages, and that defendant be compelled forthwith to remove all tile placed upon his premises, and that he have "such other and further relief as equity may direct in his favor."

Plaintiff-appellant contends defendant's motion should have been overruled because (1) the reason given by the court was not proper grounds for a dismissal (2) the reason does not specify a legal reason for the dismissal, and (3) it affirmatively appears from plaintiff's petition that he has stated an equitable cause of action.

I. The granting or denying of motions to dismiss does not rest in the discretion of the trial court, but the ruling must be based on legal grounds and made as a matter of judicial right. Logan v. McMillen, 244 Iowa 1328, 1335, 60 N.W.2d 498, 502. The factual grounds of a motion to dismiss a petition because it does not state a cause of action must be found in the allegations of the petition. Betz v. Sioux City, 239 Iowa 95, 103, 30 N.W.2d 778. Rule 104, R. C. P., provides in part: "* * * (b) Failure to state a claim on which any relief can be granted, may be raised by motion to dismiss such claim, filed before answer. * * * (d) Such motions must specify wherein the pleading they attack is claimed to be insufficient." Appellant contends the motion to dismiss, though specific, does not disclose any insufficiency in the petition for it does not claim the allegations do not "state a claim on which any relief can be granted", but rather that it cannot be granted in equity. We think the point is well taken. Rule 104, R. C. P., is broad enough to cover claims in all courts, and we believe relates only to claims showing on their face no recovery can be had in any court, such as matters barred by the statute of limitations. It was not intended, we think, to be used where a motion to transfer would have been proper as provided in sections 611.7 and 611.9, Code of Iowa, 1954. See Wernet v. Jurgensen, 241 Iowa 833, 836, 43 N.W.2d 194. Defendant's motion here seems to concede plaintiff's petition states a claim for damages recoverable in a court of law, and therefore we hold the

proper motion would have been not to dismiss but to transfer. See Wright v. Copeland, 241 Iowa 447, 450, 451, 41 N.W.2d 102, 104, where we said:

"We have frequently pointed out there is but one court of general jurisdiction in Iowa—the district court. * * * Plaintiffs are entitled to any relief in this action to which they would have been entitled if it were in probate because objection to its commencement in equity was not raised in the manner prescribed by the statutes above-cited—a motion to transfer to probate."

Here also the real objection by defendant seems to be to its commencement in equity, and as the motion was not made as a motion to transfer as prescribed by statute, but as a motion to dismiss, it does not disclose wherein the pleading is claimed to be insufficient, as required in rule 104, R. C. P., and should have been overruled.

We conclude a motion to dismiss is limited to the failure to state any claim on which *any* relief can be granted. Such motion is now almost as unnecessary as the similar obsolete pleading of demurrer. Rule 67, R. C. P.; Betz v. Sioux City, supra, 239 Iowa 95, 30 N.W.2d 778. Other available proceedings for disposition of matters on their pleadings after answer virtually eliminate the need or use of the motion to dismiss for failure to state a claim. See 32 Iowa Law Review 431, and the Advisory Committee Comment on rule 104, Cook, Iowa Rules of Civil Procedure, page 673. We find further support for this position in the case of Liken v. Shaffer, 64 F. Supp. 432, at 446, where the court said:

"A motion to dismiss is only sustainable where it appears to a certainty that a plaintiff would not be entitled to any relief under any state of facts which could be proved in support of the claims asserted by him [citing cases]."

In 27 C. J. S., Dismissal and Nonsuit, section 58, page 216, appears the statement: "In Iowa (1) Under statute so providing defendant's remedy is motion to transfer and not motion to dismiss." They cite Solberg v. Davenport, 211 Iowa 612, 615, 232 N.W. 477, 479, in which we held "* * * if the action is in the wrong forum, the relief, under the statute, is by motion to transfer to the proper forum, and not by motion to dismiss." Also

see Dilenbeck v. Security Sav. Bk., 186 Iowa 308, 169 N.W. 675, 172 N.W. 486; Hall v. Henninger, 145 Iowa 230, 121 N.W. 6, 139 Am. St. Rep. 412; Cooper v. Cedar Rapids, 112 Iowa 367, 83 N.W. 1050.

II. The defendant-appellee contends that its motion is addressed to defects apparent on the face of the pleading and for the purpose of determining the sufficiency of the pleading so attacked, and correctly contends that such a motion is taken to admit the verity only of those allegations which are well pleaded. Crowley v. Johnson County, 234 Iowa 142, 12 N.W.2d 244. It does not admit mere conclusions of fact or law. However, we think the law is well settled that upon motions to dismiss a complaint on the ground that it does not state a claim upon which relief can be granted, such complaint should be construed in the light most favorable to the plaintiff, with all doubts resolved in his favor and the allegations accepted as true. If, in view of what is alleged, it reasonably can be conceived that plaintiff can upon the trial make a case which would entitle him to some relief, the complaint should not be dismissed. See Schmidt v. United States, 7 Cir., Ill., 198 F.2d 32, 34; Asher v. Ruppa, 7 Cir., Wis., 173 F.2d 10; Montgomery Ward & Co. v. Langer, 8 Cir., Mo., 168 F. 2d 182, 185. Also see 1 Cook, Iowa Rules of Civil Procedure, Rev. Ed., 673, and author's comment; 29 Iowa Law Review 23, 26.

III. Applying this rule to the case at hand, the defendant-city is charged with emitting offensive materials and substances, engendering offensive odors, corrupting, polluting and rendering unwholesome and impure the waters of the creek on plaintiff's land where he pastures his cattle. Clearly these claims, if proven, will tend to establish a nuisance in that such acts may provide an actionable invasion of plaintiff's interest in the use and enjoyment of his land. Section 657.1, Code of Iowa, 1954; Gates v. Bloomfield, 243 Iowa 671, 675, 53 N.W.2d 279; Bowman v. Humphrey, 132 Iowa 234, 236, 109 N.W. 714, 715, 6 L. R. A., N.S., 111, 11 Ann. Cas. 131; 66 C. J. S., Nuisances, section 78, page 831.

We have held abatable as a nuisance instances where there was a pouring of filth from the sewers into a stream instead of first rendering the sewage innocuous. We have uniformly held invasions by odors, or other intangibles, from municipal sewage

disposal to be temporary in nature and abatable. Hollenbeck v. City of Marion, 116 Iowa 69, 77, 89 N.W. 210 (pollution of stream from sewage); Bennett v. City of Marion, 119 Iowa 473, 476, 93 N.W. 558 (pollution of stream and air from sewage); Vogt v. Grinnell, 123 Iowa 332, 98 N.W. 782 (pollution of water and stench from sewage); Ryan v. Emmetsburg, 232 Iowa 600, 4 N.W.2d 435. See annotation 40 A. L. R.2d 1177.

IV. In Friedman v. Forest City, 239 Iowa 112, 119, 30 N.W.2d 752, 756, we stated: "Under our practice an action to enjoin a nuisance and to recover damages therefor may be brought either in equity or at law." (Citing section 657.1, Code, 1946; rule 320, R. C. P., and several cases.) We said a plaintiff may choose either forum and secure the same relief. It is true, however, equity is not the proper forum for an action for accrued damages alone, and a plaintiff should not be permitted to deprive the opposing party of the right to a trial by jury, by instituting in equity an action for damages coupled with a claim for injunction which is merely colorable. This situation does not appear in the matter at hand.

See Prosser on Torts (1941) 549, section 71; also IV Restatement of the Law, Torts, section 936, at page 693, which discusses some of the factors to be considered in determining the appropriateness of injunction and abatement.

We find herein nothing to indicate an absence of good faith by plaintiff in proceeding to recover damages for the permanent injury and for the past and present injury due to the abatable nuisance.

V. There is little or no merit in defendant's contention that plaintiff should have compelled by mandamus the defendant city officials to proceed with condemnation proceedings in order to recover for his damages for both the permanent and temporary or occasional trespass. Such would scarcely be called an adequate and speedy remedy at law.

In Gamboni v. County of Otoe, 159 Neb. 417, 424, 67 N.W.2d 489, 496, cited by defendant, the court correctly stated: " 'An adequate remedy at law means a remedy which is plain and complete and as practical and efficient to the ends of justice and its prompt administration as the remedy in equity.' " Golden v.

Bartholomew, 140 Neb. 65, 77, 299 N.W. 356, 362; Best & Co., Inc. v. Omaha, 149 Neb. 868, 879, 33 N.W.2d 150, 157.

Also see Pomeroy's Equity Jurisprudence, Fifth Ed., section 260, page 526; Pierce v. Green, 229 Iowa 22, 294 N.W. 237, 131 A. L. R. 335; 51 Am. Jur., Taxation, section 1227, page 1047.

We conclude, therefore, that plaintiff under permissible presumptions and inferences has stated an equitable cause of action for the abatement of a nuisance and continuing trespass, and that having in good faith stated such cause, the motion to dismiss should have been overruled.—Reversed.

All JUSTICES concur.